ANNA M. PIERCE v. WYNN W. SCOTT, ERNA M. SCOTT and W. CURTIS SCOTT, as Directors of Racine Groves, Inc., and RACINE GROVES, INC.

195 So. 160
Division B
Opinion Filed April 5, 1940

B. M. Skelton, for Appellant;

W. Wallace Shafer, for Appellees.

BROWN, J.—This is an appeal from a final decree entered on March 10, 1939, by Hon. W. J. Barker, then Judge of the Circuit Court in and for Polk County, Florida, in a chancery case wherein Anna M. Pierce was the plaintiff and Wynn W. Scott, Erna M. Scott and W. Curtis Scott, as directors of Racine Groves, Inc., a Florida corporation, and the corporation itself, were the defendants, and also from a certain order made by said judge on July 6, 1939, denying plaintiff's petition to vacate the judgment and execution.

It appears from the record that the corporation was insolvent, its liabilities, exclusive of capital stock outstanding, exceeding its total gross assets by several thousand dollars. The principal creditor, Mrs. Erna M. Scott, was a ·stockholder and director of the corporation. Notice was given of a special stockholder's meeting, which notice specifically stated that one of the purposes for which the meeting was called was the liquidation of the corporation and the distribution of its assets received from the sale of the corporation's property. The complainant in the court below, Mrs. Anna M. Pierce, received the notice of such meeting, but she did not attend, nor was she represented at

the meeting. The resolution adopted at the meeting of the stockholders for the winding up of the corporation did not strictly comply with the statutes governing the dissolution of corporations and the distribution of their assets. If this had been done, the creditors of the corporation would necessarily have had to be protected first before any distribution was made to the stockholders, and in this case it appears that under such procedure the stockholders would have received nothing. But by the method agreed to at the stockholders' meeting, the principal creditor, by waiving a substantial portion of the debt due her by the corporation, made it possible for the stockholders to receive a substantial proportion of the face or par value of their stock. All of the stockholders except Mrs. Pierce, the complainant, were satisfied with the settlements made with them, but Mrs. Pierce, evidently not believing that the debt due by the corporation to Mrs. Erna M. Scott, was a bona fide indebtedness, refused the amount offered to her and filed a bill in equity in said court against said three directors and the corporation, praying the appointment of a receiver to take charge of the assets of the corporation and preserve the same pending the suit, that a temporary injunction be issued by the court restraining the defendants from further dealing with the assets of the corporation pending final hearing, that an accounting be made by the officers and directors of the corporation, and that upon final hearing the court should decree such distribution of the assets as the stockholders be found entitled to receive. An answer to the bill was filed by the defendants and considerable testimony taken. The evidence was very fairly and accurately reviewed in the final decree, and the unusual situation presented was dealt with by the chancellor in a very fair and equitable manner. The decree shows a very careful consideration of the case and all of the pertinent

contentions and questions involved. We might well adopt the chancellor's opinion and decree as the opinion and judgment of this Court, but we deem it unnecessary to do so, as the chancellor reviewed the facts with more detail than we deem it necessary to do here.

The chancellor properly found that the principal issue involved pertained to the validity of the indebtedness of Racine Groves, Inc., to Erna M. Scott, as evidenced by the promissory note which was filed in evidence dated January 1, 1934, payable to the order of Wynn W. Scott, in the principal sum of $42,700.55 with interest after date at 8 per cent per annum until paid, which note was subsequently assigned and transferred by Wynn W. Scott to Erna M. Scott. The chancellor found, and we hold correctly, that a stockholder or any other person connected with the management of corporate affairs can create the relationship of creditor and debtor as between himself and the corporation by making advances from his own personal resources to the corporation, where such advances are made for the benefit of the corporation and its stockholders and creditors, and where the transaction itself is entirely free of any fraud and bad faith, and where the person so making the advancement to the corporation obtains no advantage to himself over the other stockholders and creditors of the corporation. The chancellor further found that the advances made by Wynn W. Scott during the existence of the common-law trust, which was the predecessor in ownership of the assets of the corporation, and was composed of the same individuals who later became the stockholders of Racine Groves, Inc., as well as those made to Racine Groves, Inc., thereafter, were made in such manner and under such circumstances as to establish the bona fides of the indebtedness which was later evidenced by said note of

the corporation to Wynn W. Scott, and which note was later assigned by him to his wife, Mrs. Erna M. Scott.

Having determined that the debt was valid, the chancellor properly stated that the second question presented in the case was to ascertain whether or not, in the attempt to wind up the affairs of the corporation and to distribute the corporate assets, there had been a waiver by Mrs. Scott of a portion of this debt, and if there had been such a waiver, the extent and amount thereof as applied to the equities of the plaintiff. The determination of this question required an analysis of the facts and circumstances attending this distribution to the other stockholders as shown by the evidence in the case. The chancellor then proceeded to make a careful review of the entire history of the common-law trust, organized by Wynn W. Scott in 1922, and its successor, Racine Groves, Inc., which corporation was formed in 1931 with one hundred shares of capital stock with the par value of one thousand dollars per share, and which succeeded to the ownership of the two-hundred-acre orange grove which had been planted and brought into bearing during the eight or nine previous years, together with its history down to the time of the attempted dissolution and liquidation of the corporation, the property of which had shortly before been sold for $50,000.00, and outstanding debts to the extent of $10,085.00 had been paid, leaving a balance of $39,915.00 in cash as the sole remaining asset of the corporation as against the note held by Mrs. Erna M. Scott, which, with interest added, amounted to $53,535.78 at the time of the decree. As a result of such analysis, the chancellor arrived at the conclusion that on the basis of the proportion of the amount of the waiver of her debt which had been made by Mrs. Scott with regard to the distribution made to the other stockholders, the com-

plainant in this case was entitled to the payment of $2,461.54 from the corporation funds still in hand, which it so happens was less than the amount which had actually been offered to her by· Mrs. Scott as her distributive share after the ˙resolution was adopted at the stockholders' meeting herein above referred to. Appropriate decree was made against the defendants to this effect and it was further ordered that in event of failure or refusal of the defendants to pay the plaintiff the sum so specified in the final decree, the defendants be adjudged indebted to her for said amount, for which execution might issue.

We think that the chancellor's conclusions were amply sustained by the evidence. It is axiomatic that equity regards the substance and not the form of things.

Under the broad principles of equity jurisprudence, we have reached the conclusion that upon this record the decree of the chancellor, and the subsequent order made by him, which was likewise appealed from, were both free from error and that said final decree and order should be and the same are hereby affirmed.

Affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.