PER CURIAM.
Emporium appeals from final judgment awarding money damages to appellee, alleging the advance made by Jones, appellee, for the benefit of Emporium, its stockholders and creditors, was not free from fraud and bad faith. We disagree and affirm.
The Emporium, appellant, is a family retail mercantile corporation which has operated in Perry, Florida, since 1930. The majority of Emporium stock is held by ap-pellee’s mother, while appellee is a minority stockholder and has at all times been secretary-treasurer and the director of The Emporium.
In 1976, appellant decided to create a new corporation called The Emporium Men’s and Boy’s Store (EMB). Stockholders of The Emporium each had the same percentage of ownership interest of stock in EMB. Emporium leased the business to EMB and after the merchandise was transferred to EMB by Emporium, EMB executed a note to Emporium for the value of this stock of merchandise. Further, the corporations maintained completely separate sets of books and records and filed separate tax returns for each corporation.
In April, 1978, appellee was notified by a bank which maintained active accounts for both corporations that there was an overdraft in one of the corporate accounts. Apparently, this mistake occurred when a $10,-000.00 deposit made by EMB was credited twice in the passbook presented at the bank with deposits.
After appellee had verified this error, he borrowed $10,000.00 from the Florida National Bank and deposited it into the Emporium account. This money was later transferred from the Emporium account to the EMB account.
Initially, appellee credited himself on the Emporium books with the $10,000.00 deposit in the accounts receivable journal, but later upon advice of a corporate CPA, gave himself a note.
The amended complaint, filed by appellee, asserts that after numerous demands for payment of the loan, appellant has failed and refused to repay. Final judgment was rendered in favor of appellee, awarding him $10,000.00, plus interest and costs.
*239 We cannot agree with appellant’s contention that neither Emporium nor its stockholders benefited from the use of ap-pellee’s advance. The record , is clear that appellee delivered this money to Emporium in good faith with no intention that it be a gift. This argument is supported in the record as Jones was the managing officer and director of both corporations, both corporations were family owned, each of the stockholders had the same percentage of shares in both corporations, Jones made a personal loan from the bank to repay and correct the overdraft, when the money was paid into the corporation Jones had his personal store account credited in the amount of $10,000, and later on the advice of the corporation’s accountant Jones executed a note from the corporation to himself in the amount of $10,000. Clearly, the record does not indicate any fraud or bad faith on the part of appellee in loaning money to Emporium.
Other testimony indicates both corporations were operated much like joint enterprises, that Emporium kept the records and books for both corporation, the books were not balanced until the end of the year, and Emporium bought the merchandise which was later stocked in EMB.
Moreover, when the books were balanced at the end of 1978, the $10,000 loan from appellee was credited back to The Emporium. Certainly, this creates unjust enrichment at the expense of appellee if Emporium is now entitled to keep this money. The mere fact that Emporium has possessed Jones’ money and had the use of it for two years to assist its sister corporation (which had the same ownership) certainly provides a benefit to the corporation and its stockholders. See Pierce v. Scott, 142 Fla. 581, 195 So. 160 (1940).
The order below is AFFIRMED.
McCORD, SHIVERS, and JOANOS, JJ., concur.