WILLIAM G. ROE v. FRED T. HENDERSON, *et al.*

190 So. 618
Division A
Opinion Filed July 21, 1939

*Johnson & Bosarge, Waller & Meginniss* and *Chas. H. Spitz,* for Plaintiff in Error;

*Wallace W. Shafer,* for Defendant in Error.

TERRELL, C. J.—Lake Hamilton Groves, Inc., made a contract with William G. Roe to pick, pack, and market the 1930-1931 crop of citrus fruit on one of its groves in Polk County, more particularly described in the pleadings herein. Roe agreed to pay one dollar net per field box for all merchantable fruit marketed from the grove, provided that said price should not apply to June bloom fruit and in the event the fruit should be frosted, Roe would be released from his guaranty. A true accounting and remittance of the net proceeds was to be made under the contract as promptly as was reasonably possible.

Feeling that Roe had not complied with the latter provision of his contract to remit the net proceeds as promptly as was reasonably possible, Fred T. Henderson and others, trustees and successors to Lake Hamilton Groves, Inc., brought this action on the contract. The declaration was originally in six counts, three of which were withdrawn. There were pleas denying the material allegations of each count. The case was tried on the issues so made resulting in a verdict and judgment for $1,048 16 in favor of the

plaintiff. That judgment is here for review on writ of error.

It is first contended that the trial court erred in refusing to permit the plaintiff in error to introduce evidence to show that by local custom, the minimum net guarantee provision of the contract had reference to and required payment for the crop as a whole rather than as the several or particular shipments and sales thereof were made.

The applicable part of the minimum net guarantee provision of the contract is as follows:

"The Dealer agrees to render true accounting for all fruits and make remittances of net proceeds, after deducting any advances that have been made to the Grower, promptly as is reasonably possible after the consummation of the sales."

The trial court construed this provision of the contract to mean that remittances should be made by the dealer (Roe) "promptly as is reasonably possible after consummation of the sales," that is to say when sales were made. This is a fair inference from the terms of the contract. The evidence proffered was designed to prove that by local custom remittances were made under such contracts when the crop was packed and sold. Such evidence would have been a clear violation of the rule inhibiting parol evidence to vary or contradict the terms of a written instrument and should not have been admitted.

Common usage may be resorted to to clear up and make definite that which is doubtful or uncertain but it will not be employed to vary or contradict that which the parties have set down and agreed to in no uncertain terms. If the terms of the contract are clear and certain, they will not be disturbed by usage no matter how well settled it may be nor will usage be permitted to read express terms from the contract.

It is next contended that the trial court committed error in his charge to the jury in that he defined the term "merchantable" as used in the contract "as fruit of such character as to size and qualify as was usually marketed in all centers of consumption in which Florida citrus fruit is customarily marketed."

This charge would unquestionably be error at the present time because of the development of the means for processing citrus fruits which had hardly begun at the time the contract in question was executed. By reason of this development, there is now a market for "culls" and inferior fruit that did not exist at the time of this contract. The charge did not contemplate this development and the change is brought in citrus · fruit marketing and for that reason it would not be a proper charge at the present time.

In this cause, however, the record discloses that the charge complained of was given at the request of the plaintiff in error and we must assume that it met the facts and conditions as they existed at the time. Otherwise a litigant may inject error into the record and take advantage of it which he should not be permitted to do.

It is last contended that the charge as a whole is misleading and confusing, that it does not fully state the legal principles involved and that it tended to prejudice the defendant's case.

The charge as a whole has been read and we do not find it amenable to the assault made on it. A large portion of it was requested by the plaintiff in error and we do not see that he is in position to complain.

The judgment below is free from error and is affirmed. Affirmed.

BUFORD and THOMAS, J. J., concur.

. WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.