194 So.2d 63 (1967)
NORTH SHORE HOSPITAL, INC., a Florida Corporation, Appellant,
v.
Edward LUZI, Appellee.
No. 66-61.
District Court of Appeal of Florida. Third District.
January 10, 1967.
Rehearing Denied February 8, 1967.
Taylor, Brion, Buker, Hames & Greene, Miami, for appellant.
Fuller & Brumer, Kenneth L. Ryskamp, Miami, for appellee.
Before CARROLL, BARKDULL and SWANN, JJ.
SWANN, Judge.
In an action for medical malpractice, tried before a jury, judgment was entered for the plaintiff. The defendant, North Shore Hospital, Inc., now appeals.
The plaintiff, a patient at the defendant hospital, was operated on for an acute gall bladder disease. On the day of the operation, he was taken to the recovery room at 9:45 A.M. and returned to his room at 6:15 P.M. Approximately five hours later, the plaintiff fell off, or got off, the end of the bed. There was evidence that only the side rails near the plaintiff's head were up.
The following day, approximately twenty-one hours after his fall, the plaintiff went into shock. The prescribed treatment for shock called for administration of the drug Levophed, a drug requiring constant attention because of its tendency to infiltrate into the human system and cause permanent injury. At this point, private duty nurses were ordered to attend the plaintiff. The Levophed infiltrated the plaintiff's leg, causing a permanent partial disability. The record indicates that Levophed had been injected by the hospital in both of the plaintiff's arms previously, that it had infiltrated both arms, and thereafter it was injected into his leg.
The plaintiff alleged negligence on the part of the hospital in failing to adequately *64 restrain him when he was in an allegedly semi-conscious condition following the operation; and in the failure to properly administer the drug Levophed, resulting in Levophed infiltration for an estimated two hours, when such infiltration should have been detected and stopped within approximately twenty minutes of the time it began.
On appeal, the main thrust of the hospital's argument is that the evidence adduced at the trial was insufficient to support the jury verdict, and that the charges given the jury were so "inaccurate, confusing, misleading, and contradictory" as to result in a misapplication of the law. The jury having returned a verdict for the plaintiff, however, the evidence must be considered in the light most favorable to the plaintiff. Great A. & P. Tea Co. v. Federal Detective Agency, Fla.App. 1963, 157 So.2d 148.
Viewing the evidence in this light, it would appear that the jury might have reasonably found that the plaintiff's fall and subsequent shock was caused by the hospital's negligence in failing to adequately restrain a patient in a semi-conscious, confused condition, even though the hospital may not have been found to have a duty to provide special nurses for such a patient.
It would appear also that there was sufficient competent evidence to warrant both the findings that there was negligence in the failure to detect the Levophed infiltration within a reasonable period of time, and the finding that the private duty nurse in attendance at the time was under the control and supervision of the hospital.
Turning now to the jury charges, we do not find reversible error, although the charges were not models of clarity or conciseness. The appellant would seem to be in a weak position to complain, however, since the offending charge is substantially one that it requested. At any rate taken as whole, the charges and instructions were not so harmful as to result in a miscarriage of justice and the harmless error statute applies. Section 54.23, Florida Statutes, F.S.A.
The hospital's other arguments have been considered and found to be without merit.
No reversible error having been found, the judgment of the Circuit Court is hereby
Affirmed.