LILES, Chief Judge.
This is the second appearance of this case before this court. In Atlantic Coast Line Railroad Co. v. Hendrickson, 190 So.2d 178, we affirmed the judgment of the trial court. The Supreme Court granted certiorari, but before a decision was rendered, a motion to dismiss by appellant Seaboard resulted in an order to remand to the trial court for the entry of a proper final judgment. The present appeal is from that rectified final judgment.
The appellee brought this action under the Wrongful Death Act, §§ 768.01 and 768.02, Florida Statutes, F.S.A., to recover damages for the death of her husband as a result of car-train collision at one of appellant’s crossings. At trial Seaboard pleaded the comparative negligence statute, § 768.06, Florida Statutes, F.S.A. Both parties requested and were granted an instruction on comparative negligence. The jury returned a verdict favorable to appel-lee and against Seaboard in the amount of $137,200.
Shortly after Seaboard filed its notice of appeal, the Supreme Court in the case of Georgia Southern and Florida Railway Company v. Seven-Up Bottling Company, Fla.1965, 175 So.2d 39, declared the comparative negligence statute unconstitutional. Seaboard argues now, as it did on its first appearance before us, that it was error to charge the jury on comparative negligence, despite the fact that both parties requested that instruction. When this case was first before us, we took the position that this argument was without merit because of the doctrine of invited error, and because the appellant failed to preserve the error, by objection or otherwise, in the trial court. See 190 So.2d 178, at 182. Since that time, however, the Supreme Court in three decisions, Florida East Coast Railway Company v. Rouse, Fla.1967, 194 So.2d 260; Atlantic Coast Line Railroad Company v. Braz, Fla.1967, 196 So.2d 109; and Seaboard Air Line Railroad Company v. Williams, Fla.1967, 199 So.2d 469, has held that in cases involving railroad accidents where the jury, after being charged on the comparative negligence statute, brings in a verdict against the railroad, a new trial must be had if the appeal from the case was pending when the Supreme Court declared the comparative negligence statute unconstitutional, regardless of the facts that the constitutional issue was raised for the first time on appeal and that the appellant railroad requested the faulty instruction.
Although we feel bound by these three cases to reverse and remand the instant case for a new trial, we do so only for the sake of consistency and uniformity in the administration of justice, and not because we agree with the reasoning in Rouse, Braz and Williams. We feel the Supreme Court in rendering those decisions overlooked the damage that was done thereby to the fundamental doctrine of invited error, and to the axiom requiring an appellant to preserve error in the trial court.
Rule 1.470(b) of the Florida Rules of Civil Procedure, 30 F.S.A. provides in part:
“No party may assign as error the giving of any charge unless he objects thereto at such time or the failure to give any charge unless he requested the same.”
Seaboard not only failed to object to the comparative negligence instruction, but actually requested it to be given. The cases are legion in which our appellate courts have refused to consider a claimed error in an instruction when no objection was made to it at the trial. See, e. g., Williams v. State, 1893, 32 Fla. 251, 13 So. 429; Eicholz v. Frey, Fla.App.1965, 173 So.2d 771; City of Miami Beach v. Belle Isle Apt. Corp., Fla.App.1965, 177 So.2d 884. The law was equally well settled that one could not properly complain on appeal of error for which he was himself re *903 sponsible, nor for rulings or instructions that he had requested the trial court to make. Roe v. Henderson, 1939, 139 Fla. 386, 190 So. 618; Escambia County Electric Light & Power Co. v. Sutherland, 1911, 61 Fla. 167, 55 So. 83; North Shore Hospital, Inc. v. Luzi, Fla.App.1967, 194 So.2d 63; Karl v. David Ritter, Sportservice, Inc., Fla.App.1964, 164 So.2d 23.
Having reversed and remanded for a new trial on this point the remaining questions raised are without merit.
HOBSON and MANN, JJ., concur.