WHITE, JOSEPH S., Associate Judge (Retired).
Plaintiff in the lower court has appealed from a final judgment in defendant’s favor entered upon the latter’s motion for summary judgment.
Plaintiff was injured while using a machine which defendant had leased to plaintiff’s employer. Defendant was sued as a “third party” under the Workmen’s Compensation Law and plaintiff’s cause of action was stated thus:
“ * * *
“2. On or about August 27, 1965, the defendant had leased the said pulverizing machine to the said John Craft for use in clearing land on Pumpkin Key, Florida.
“3. At the time the machine was leased to John Craft, the defendant was advised that the plaintiff and a fellow employee, Armando Ramirez, were going to use the machine and that they did not know how to operate or manage the same.
“4. The said machine was operated by means of a motor and contained sharp blades which revolved and which made the machine dangerous to use. The machine was so constructed that when the motor was turned off the machine’s revolving blades continued to operate for a few seconds before coming to a stop.
*151 “5. The defendant undertook to instruct the plaintiff and his fellow employee in the use and operation of the machine, but in so doing, the defendant negligently failed to warn the plaintiff or the said Ramirez that when the machine was turned off the rotating blades would continue to operate for a period of time.
“6. On August 27, 1965, the plaintiff was feeding scrub branches into the pulverizing machine when the machine became clogged. The said Ramirez turned the machine off and the plaintiff then attempted to dislodge the machine by pulling parts of branches out from the feeding chute, when the rotating blades, which were still operating, came into contact with the plaintiff’s right hand, causing him to sustain the injuries hereinafter alleged.”
Defendant did not test the sufficiency of the complaint by motion, but, instead, filed an answer in which a release was plead. Defendant’s motion for summary judgment was based upon the release, and it is the legal effect of the release which is the subject of this appeal.
Notwithstanding defendant’s failure to test the sufficiency of the complaint in the lower court we cannot ignore that point now, and it is not determinative that the lower court may have assigned some other reason for the judgment. Thus, questions regarding the release become moot when this appellate body finds substantial evidence to sustain the decision on other grounds. Cohen v. Mohawk, Inc., Fla.1962, 137 So.2d 222; Smith v. Bettinghaus, Fla.App.1965, 178 So.2d 201; Oper v. Air Control Products, Inc. of Miami, Fla.App.1965, 174 So.2d 561.
It requires very little study to convince one that plaintiff has not stated a right of action against the defendant. Nowhere is it suggested that plaintiff was unaware of the operating characteristics of the machine. Nowhere is it suggested that the feature of the machine in question was latent. Nowhere is it suggested that the rotating blades were not in plain sight. Nowhere is it indicated that plaintiff did not have actual or constructive knowledge of the dangerous condition of which he now complains.
Under the provisions of Florida Civil Rules of Procedure 1.510(c), 31 F.S.A., a motion for summary judgment opens the entire record and the court is required to enter judgment if it appears from the whole record that there is “no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law”.
It follows that defendant was entitled to judgment.
Affirmed.