WALDEN, Judge.
John M. Dickey (a plaintiff herein) is a major stockholder in Pompano Beach Holiday Inn, Inc. (also a plaintiff herein), which constructed, developed, operates and maintains a licensed franchised Holiday Inn motel on Highway A1A, Pompano Beach, Florida. Dickey entered into a license agreement on March 31, 1961, with Defendant-Holiday Inns of America, Inc., to operate the motel under the franchised Holiday Inn system and trade name.
*407 On November 21, 1967, Holiday Inns of America, Inc. granted to Defendant, C. F. Willard Franks a similar license agreement to operate a Holiday Inn motel 2.5 miles south of the plaintiff’s motel.
Plaintiff filed a complaint seeking declaratory and injunctive relief, based on the license agreement. The trial court entered a final judgment on an order dismissing the complaint and entered a judgment on the pleadings in favor of the defendant.
Plaintiffs concede, as indeed they must, that the license agreement was only a “spot license,” which gave limited protection from competition from other Holiday Inn licensees.[1] However, plaintiffs argue that an implied covenant existed in the agreement to protect them from unreasonably imposed competition . by the licensor from newly created nearby licensee.
Implied contracts are recognized where the parties would have presumably provided for the situation in the written agreement had it occurred to them.[2] However, the law will not imply a contract where a valid express one exists, 7 Fla.Jur., Contracts, § 5. The “spot license” clearly listed the area where the plaintiffs were afforded non-competitive protection.[3] If the plaintiffs desired additional protection from nearby competition they should have expressly provided for such protection in the agreement. This they did not do, and the courts are unable to do for the plaintiffs by judicial fiat what the plaintiffs failed to do for themselves.
Accordingly, we affirm the final judgments of the trial court.
Affirmed.
McCAIN and OWEN, JJ., concur.

.“FIRST: Licensor hereby grants to Licensee, subject to the terns and conditions hereof, a non-assignable, exclusive license to use said System in the construction and operation of one or more Holiday Inns within, and only within, the metropolitan area or areas, described as follows (hereinafter referred to as the ‘Licensed Territory’) :
“The ‘Licensed Territory’ shall be the specific location known as 1000 South Ocean Boulevard, Pompano Beach, Florida.
“It is understood and agreed that the fees paid and provided for herein are for the licensed operation of the Holiday Inn at the above location only. Additional license fees and obligations shall become due and payable as additional Holiday Inns are developed in the ‘Licensed Territory’ by the Licensee.”

. Bromer v. Florida Power and Light Co., Fla.1949, 45 So.2d 658, 13 A.L.R.2d 1227; Moylan v. Estes, Fla.App.1958, 102 So.2d 855.

. Footnote 1, supra.