RAWLS, Judge.
In this appeal from a summary final judgment on behalf of the defendant in a malicious prosecution action, appellant Jones poses the following point: Was the order of the court discharging the plaintiff a favorable termination so as to entitle plaintiff to maintain a malicious prosecution action?
The facts in this case obtained by answers to interrogatories and stipulation of the parties reflect that on May 13, 1969, Jones and Nisson, while traveling together, pulled into a motel in Mayo. Two women Jones had met pulled in behind them. Nis-son rented a room, undressed, went to bed and to sleep, leaving the door unlocked. Jones and the women were in and out. When Nisson awoke, his clothes, wallet, *340 rings, etc. were gone; Jones and the two women were also gone. Nisson’s truck was still there, but the keys were gone. He reported the above to the authorities and signed an affidavit. A warrant for plaintiff’s arrest was sworn out charging him with grand larceny.
The State’s Attorney filed a pleading entitled “No Information Filed” which reflected that there did not appear from the evidence produced at that time sufficient probable cause of Jones’s guilt and he would take no further action until sufficient evidence and testimony should be produced to warrant further investigation. A court order was entered discharging Jones and releasing his bondsman and bond.
The point posed by appellant is not conclusive of the controversy. It is well settled that if the order of the trial court is correct, although based upon an erroneous premise, same should be affirmed. Our examination of the record leads us to the conclusion that the trial judge should have found that an essential element of a malicious prosecution case was not present. Although the evidence produced before the State’s Attorney was insufficient to show probable cause of Jones’s guilt, nevertheless, the facts known to Nis-son reflect that at the time he made his affidavit, he had probable cause for his actions. Thus, the record fails to show the element of absence of probable cause to support the malicious prosecution action.
“Probable cause for a criminal prosecution has been defined as a reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious, or as some courts put it, a prudent, man in the belief that the party is guilty of the offense with which he is charged; as the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the offense for which he was prosecuted, and as such facts and circumstances as, when communicated to the generality of men of ordinary and impartial minds, are sufficient to raise in them a belief of real, grave suspicion of the guilt of the person. 34 Am.Jur.731.” Cold v. Clark, 180 So.2d 347, 349 (Fla.App.2d 1965).
The judgment appealed Is affirmed.
JOHNSON, C. J., and SPECTOR, J., concur.