250 So.2d 883 (1971)
Bob MITCHEM and Matthew Rocks, D/B/a Adult Books and Movies, Appellants,
v.
STATE of Florida ex rel Frank SCHAUB, As State Attorney of the 12TH Judicial Circuit of the State of Florida, Appellee.
No. 40334.
Supreme Court of Florida.
July 9, 1971.
Robert S. McDaniel, Jr., Sarasota, and Robert Eugene Smith, Towson, Md., for appellants.
Frank Schaub, Bradenton, and William C. Strode, Sarasota, for appellee.
*884 CARLTON, Justice.
Appellants are owners and operators of a book store located in the City of Sarasota. They appeal from an Order entered by the Circuit Court, Sarasota County, through which appellants were permanently enjoined from selling obscene or pornographic materials, and permanently enjoined from further operation or maintenance of their business so as to annoy the community. Our jurisdiction vests by virtue of a ruling by the Circuit Court that Fla. Stat. § 847.011, F.S.A., is constitutional. Article V, § 4(2) Florida Constitution, F.S.A. We affirm this holding, but find that the permanent injunctions cannot be constitutionally sustained.
Prior to October 16, 1969, several persons in the City of Sarasota, either independently or at the request of the Police Department, visited the appellants' Adult Book and Movie Store, and found themselves offended by the nature of the materials sold. On October 16, 1969, State Attorney Schaub filed a complaint seeking a temporary and a permanent injunction against the appellants' possession and sale of obscene materials, and against their continuation of this type of business at the Adult Book and Movie Store premises on the ground that as operated the Store constituted a public nuisance.
This was followed on October 17 by a Motion for a Temporary Restraining Order filed under Fla. Stat. § 847.011, F.S.A. on the theory that an apprehended violation would be committed if an immediate remedy was not afforded. This Motion was granted on October 23, 1969, on the basis of affidavits filed by police officers.[1] A hearing on the question of a permanent injunction was held on March 2, 1970. At that time, the State introduced into evidence certain publications known as Exhibits 1, 2 and 3 [not described in the record, or in the transcript of hearing, and not filed as part of the record on appeal], which were purchased prior to the filing of the complaint.
The State then proceeded to present ten witnesses who were to testify in relation to these Exhibits. After two persons had testified about purchases they had made and about their view of the materials sold at the Store, the litigants agreed that a stipulation could be entered as to what the remaining witnesses would say. The remainder of the proceedings was devoted to argument on the merits of the stipulated testimony and to the form of the injunctions which were to be entered by the Court. On March 3, 1970, the Permanent Injunctions were entered: one prohibited appellants from selling that which was obscene; the other permanently enjoined the operation of the Store as a nuisance.
Appellants now challenge the proceedings below on a number of points relating to the constitutionality of Fla. Stat. § 847.011, F.S.A., generally, certain aspects of the proceedings, and the validity of the injunctions issued by the Circuit Court. We think the statute is secure as against a general attack on its constitutionality. State v. Reese, 222 So.2d 732 (Fla. 1969); Martin v. State of Florida, 248 So.2d 643 (Fla. 1971). The ruling of the Circuit Court on this question is hereby affirmed.
But we defer from treating specific constitutional arguments because we find that as a matter of law the proceedings below were constitutionally defective. The *885 March 3, 1969, hearing on the question of a permanent injunction was a prior adversary hearing held in advance of a judicial determination of obscenity. This type of proceeding is constitutionally sound, and presents an eminently acceptable forum for determination of obscenity. Kingsley Books, Inc. v. Brown, 354 U.S. 436, 77 S.Ct. 1325, 1 L.Ed.2d 1469 (1957); United States v. Thirty-Seven (37) Photographs, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971).
In the instant case, however, the State urged the use of a constitutionally inadequate standard for the determination of obscenity. The State built its presentation around Fla. Stat. § 847.011(10), F.S.A., as worded. Further it was the State's position that its witnesses:
"[A]ll agreed that all of the publications they examined at the appellants' premises were of a similar nature and that the dominant theme of each taken as a whole by the average citizen of the Sarasota community, applying contemporary community standards, would appeal to prurient interests."
It is evident from a reading of the transcript that this was the obscenity concept accepted as determinative by the Court.[2] The appellants accepted a stipulation that the State's witnesses would all testify that the materials in the Store were obscene under the above standard, but appellants protested that this was an improper standard and they, of course, were right. Fla. Stat. § 847.011(10), F.S.A., was an obscenity test taken from Roth v. United States [decided with Albert v. California], 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). Subsequently, the Roth test underwent elaboration in ensuing obscenity cases decided by the United States Supreme Court. In State v. Reese, supra, Fla. Stat. § 847.011(10), F.S.A., came under attack as constitutionally defective since not reflective of the Roth test's revision.
We reviewed the opinions elaborating Roth's criteria for obscenity and concluded:
"We have the view, however, that the Supreme Court did not intend to abrogate the Roth test. * * * It would seem, therefore, that a conviction based on the Roth test as `elaborated' in Memoirs [A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Atty. Gen. of Com. of Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966)] would  or, at least, should  have a good chance of standing up under a due process attack made on it in the United States Supreme Court; and Subsection (10) of § 847.011, supra, can and should be interpreted, and the words of our obscenity statute applied, in the light of the clarification or `elaboration' of the Roth test made in Memoirs, supra."
The standards asserted as proper by the State and accepted by the trial court below are those of Roth without more. The proper standards, as contained in Memoirs, and as must be read into Fla. Stat. § 847.011(10), F.S.A., are that:
"Three elements must coalesce: it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value."
Because the exhibits below were condemned under a defective constitutional standard, it necessarily follows that the injunctions *886 issued upon a consideration of the exhibits were defective and invalid as a matter of law.
Normally, we would enter a remand order for new proceedings at this juncture, but the nature of the injunctions entered below calls for further comment. First, the Circuit Court entered its Permanent Injunction relating to the sale of materials as follows:
"ORDERED AND ADJUDGED that the Respondents, Matthew Rocks and Bob Mitchem, cease and desist from selling, offering for sale or causing to be sold or offered for sale obscene or pornographic publications in violation of F.S.A. 847.011 * * *."
The 14th Amendment of the United States Constitution requires that regulation of obscenity conform to procedures that will insure against the curtailment of constitutionally protected expression or publication. Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963). The operation and effect of the method by which sale of publications is to be restrained must be very carefully defined. Cf. Speiser v. Randall, 357 U.S. 513, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958). We are of the view that a blanket injunction is constitutionally invalid because it does not put the seller on notice as to what is prohibited, and thereby creates an unacceptable restraint upon his freedom to vend publications. Cf. Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959); Freedman v. State of Maryland, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965). See New Rivieria Arts Theatre v. State ex rel. Davis, 219 Tenn. 652, 412 S.W.2d 890 (1967).
In Kingsley Books, Inc., supra, a case involving a New York obscenity injunction statute akin to portions of Fla. Stat. § 847.011(7), F.S.A., the injunction proceeding affirmed by the United States Supreme Court was initiated by a complaint charging that a particular named obscene publication was displayed. In Marcus v. Search Warrant, 367 U.S. 717, at 735, 81 S.Ct. 1708, at 1718, 6 L.Ed.2d 1127 (1961), the Supreme Court, cited this aspect of Kingsley with approval:
"Second, the restraints in Kingsley Books, both temporary and permanent, ran only against the named publication; no catchall restraint against the distribution of all `obscene' material was imposed on the defendants there, comparable to the warrants here [which were nullified by reversal] which authorized a mass seizure and the removal of a broad range of items from circulation."
In addition to the injunction set out above being invalid in the instant case, we also find that the presentation of Exhibits 1, 2 and 3 below as "representative" of the contents of the Store was deficient; see Marcus v. Search Warrant, supra, note 28 at 735, 81 S.Ct. 1708. Unless a defendant is willing to stipulate that particular exhibits are absolutely representative of the stock offered the public, one copy of each item sought to be suppressed must be entered into evidence.
The Circuit Court also entered a Permanent Injunction relating to the operation of the Store:
"ORDERED AND ADJUDGED that the operation of the Adult Book and Movie Store at 1437 Main Street in the City of Sarasota, Florida, by said respondents constitutes the maintaining of a public nuisance and Matthew Rocks and Bob Mitchem are hereby enjoined from the further operation of or maintenance of said business premises so as to annoy the community and to become manifestly injurious to the morals or manners of the people."
This injunction is also invalid. A business involved in the dissemination of publications cannot be declared a nuisance in this manner. See Near v. Minnesota ex rel. Olson, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931). We reserve judgment, however, on the issue of whether a nuisance *887 theory, in the proper circumstances, might be applicable to obscenity proceedings.
In reaching our conclusion that the proceedings below were constitutionally defective, and that the injunctions issued must be dissolved, this Court intimates no judgment as to the status of the materials involved herein. The injunctions are dissolved; the Circuit Court's ruling on the validity of Fla. Stat. § 847.011, F.S.A., is affirmed; and this cause is remanded for further proceedings consistent with this opinion.
It is so ordered.
ADKINS, and McCAIN, JJ., and JOHNSON, District Court Judge, concur.
ERVIN, J., concurs in part and dissents in part with opinion.
DEKLE, J., dissents with opinion.
DREW (Retired) J., dissents with opinion.
ERVIN, Justice (concurring in part and dissenting in part):
I agree that the injunctions should be dissolved, and agree that the obscenity test used was unconstitutional, but rather than remanding the case at this time for another trial, I believe this Court should retain jurisdiction until the Supreme Court of the United States considers Meyer v. Austin, 319 F. Supp. 457 (M.D.Fla. 1970).
DEKLE, Justice (dissenting):
We are "fiddling while Rome burns."
Another "Adult Book" Store stays open through the largesse of an appellate court in its expansive maze of legal jargon which seems designed to protect the offenders rather than the offended. The trial judge's order that defendant-operators cease and desist from selling obscene or pornographic publications violative of the statute,[1] is held insufficient for not sufficiently defining those publications, when they are in evidence and consist entirely of stark pictures "in living color." It "does not put the seller on notice as to what is prohibited," we say. These slick photographs of caressing male and female nudes leave no doubt whatsoever. The courts may be in doubt but these purveyors of pornography are not. We are not dealing with the uninformed.
The opinion requires that "one copy of each item sought to be suppressed must be entered into evidence." A clerk's office would become an "Adult Store" itself under this unreasonable standard. No effective control can be attained on such a basis.
The proofs here easily meet the Memoirs[2] test recited as elaborating Roth.[3] The wording of the trial court seems to be seized upon as not phrasing the test in the exact wording in Memoirs. It is the substance of a trial court's ruling that controls, and not the wording or reasons given.[4]
I therefore dissent.
DREW (Retired) Judge (dissenting):
I would affirm trial court.
NOTES
[1] The Circuit Court Judge who issued this Order also presided over the hearing on the Permanent Injunction. At the conclusion of the March 2, 1970, hearing on the latter injunction, the Judge orally issued a ruling that the Temporary Restraining Order was invalid. Appellants have not raised any question about this Temporary Restraining Order on appeal, and, therefore, we do not treat it here. The materials brought in as Exhibits in the Permanent Injunction hearing were purchased prior to the filing of the Complaint, and were not a part of any proceeding relating to the Temporary Restraining Order.
[2] At the conclusion of the hearing, the Circuit Court Judge said:

"My findings are going to be that the statute is constitutional as written; that this material which has been presented in the way of evidence and which has been described in the testimony of the witnesses and the proffer, the stipulation between the parties, is such as is prohibited by the statute."
[1] Fla. Stat. § 847.011(10), F.S.A., which our opinion upholds.
[2] A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Atty. Gen. of Com. of Mass., 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966).
[3] Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957).
[4] Pierce v. Scott, 142 Fla. 581, 195 So. 160 (1940); St. Moritz Hotel v. Daughtry, 249 So.2d 27, Fla., Opinion filed June 9, 1971. See also In re Estate of Yohn, 238 So.2d 290 (Fla. 1970); Jones v. Nisson, 237 So.2d 339 (1st D.C.A. Fla. 1970); Mathews v. City of Tampa, 227 So.2d 211 (2nd D.C.A. Fla. 1969); Reyes v. Zbin, 217 So.2d 150 (3d D.C.A. Fla. 1969).