259 So.2d 210 (1972)
UNITED THEATERS OF FLORIDA, INC., D/B/a United Mini-Adult Theater et al., Jointly and Severally, Appellants,
v.
STATE of Florida ex rel. Richard E. GERSTEIN, As State Attorney of the Eleventh Judicial Circuit of the State of Florida, Appellee.
Nos. 71-402, 71-403, 71-404, 71-405, 71-446, 71-1108 and 71-1109.
District Court of Appeal of Florida, Third District.
February 15, 1972.
*211 Abramson, Rosenthal & Hirschhorn, Miami, for appellants.
Robert L. Shevin, Atty. Gen., Richard E. Gerstein, State's Atty., and Milton Robbins, Asst. State's Atty., for appellee.
Before SWANN, C.J., and CHARLES CARROLL and BARKDULL, JJ.
PER CURIAM.
These several appeals have been consolidated for appellate purposes.
In appeal #71-402, United Theaters of Florida, Inc. d/b/a Little Adult Theater, appeals from a final judgment issued on April 1, 1971, which permanently enjoined *212 it from showing a motion picture, two stag short subject movies and two films advertising coming attractions because they were obscene and in violation of Florida Obscenity Law, § 847.011, Fla. Stat., F.S.A.
One of its principal complaints, in appeal #71-402, is that the court ruled these movies were obscene without the benefit of any testimony from the state.
It has been held that testimonial evidence is not necessary to establish the obscenity of material which is "hard core pornography"; Mitchum v. State, Fla. App. 1971, 251 So.2d 298, and which is "autoptically obscene". Collins v. State Beverage Department, Fla.App. 1970, 239 So.2d 613. We see no error in the trial court finding these movies obscene after viewing them and without the testimony of any witnesses. Rachleff v. Mahon, Fla.App. 1960, 124 So.2d 878; Felton v. Pensacola, Fla.App. 1967, 200 So.2d 842, rev'd on other grounds 390 U.S. 340, 88 S.Ct. 1098, 19 L.Ed.2d 1220; Kahm v. United States (5th Cir.1962) 300 F.2d 78, United States v. Wild (2nd Cir.1969), 422 F.2d 34; Jones v. Birmingham, Ala.App. 1969, 224 So.2d 922; Lancaster v. Maryland, 7 Md. App. 602, 256 A.2d 716 (1969); People v. Finkelstein, 11 N.Y.2d 300, 229 N.Y.S.2d 367, 183 N.E.2d 661, cert. den. 371 U.S. 863, 83 S.Ct. 116, 9 L.Ed.2d 100 (1962); and United States v. Brown, 328 F. Supp. 196 (E.D. Va. 1971).
We also are of the opinion that the defendant invited this alleged error, by telling the court, "I am not certain the court needs witnesses or wants to hear witnesses." Seaboard Coast Line Railroad Co. v. Hendrickson, Fla.App. 1968, 212 So.2d 901.
Appellant's argument that an assistant to the state attorney lacked authority to sign the name of the state attorney to the complaint and to litigate this issue was not raised in the trial court and will not be heard on appeal. Silver v. State, Fla. 1966, 188 So.2d 300; and Stephan v. State, Fla. App. 1971, 251 So.2d 30. See also For Adults Only, Inc. v. State ex rel. Gerstein, Fla.App. 1972, 257 So.2d 912.
Appellants contend there was error in that portion of the permanent injunction which restrained it from showing these specific films at any public place in Dade County or the State of Florida. This court has decided that an injunction against the showing of obscene materials may not run throughout the State of Florida but may only run within the geographical limits of the jurisdiction in which the action was brought to trial. See State of Florida ex rel. Little Beaver Theatre, Inc. v. Tobin et al., Fla.App., 258 So.2d 30, released February 15, 1972.
The question of the constitutionality of Fla. Stat. § 847.011, F.S.A. has been decided adversely to appellant's position. See Mitchem v. State ex rel. Schaub, Fla. 1971, 250 So.2d 883 and cases cited therein. See also Davison v. State, Fla. 1971, 251 So.2d 841.
In appeal #71-403, the corporate defendant United Theaters and several individual defendants appeal from another final judgment which permanently enjoined them from showing at any public place in Dade County or the State of Florida the motion picture "Swapper's Orgy" and two untitled films referred to as "Staggettes". They were also enjoined from:
"... showing or exhibiting at any public place in Dade County, or the State of Florida, any motion picture films which graphically portray genitalia in combination with sexual intercourse, various acts of sodomy, homosexuality, bestiality or sado masochism whether actual or simulated." (Emphasis added)
They concede that the trial court had legal authority to enjoin the showing of the movies specifically named above but argue it lacked authority to issue what they assert is a blanket injunction against the showing of "any motion picture films" *213 which graphically portray those items and acts which are set forth above.
In Mitchem v. State ex rel. Schaub, supra, relied upon by appellants, the court was dealing with a blanket injunction which prohibited the sale, or offer for sale, of obscene or pornographic publications. The Supreme Court held that such a blanket injunction was constitutionally invalid as it did not put the seller on notice as to what was prohibited. The injunction, sub judice, is not as broad as the one referred to in Mitchem, supra, but is not as specific as it might be. It appears to be sufficiently specific to direct the defendants as to what they were expected to do under its requirements. If defendants have any doubt it is their duty to apply for modification in order to remove any ambiguity in its meaning. 17 Fla.Jur. Injunctions, § 83.
The appellants also argue in appeal #71-403, that they were denied the right to present witnesses. They assert this point on appeal is raised by their assignment of error numbered one, two and four. Our examination of these assignments of error reveals that this point is not properly raised by these assignments of error and we do not, therefore, consider it to be properly before us.
We find no abuse of discretion in the denial of supersedeas by the trial court. All Florida Surety Co. v. Coker, Fla. 1955, 79 So.2d 762.
Appellant's Point Six is "whether an injunction should not be issued when the harm to the defendants is much more severe than that to the complainant". We have examined the record, briefs and arguments and find this point is without sufficient merit to require reversal.
Appellant's Point Seven states: "whether an exhibitor of film to adults only is not considered a panderer". This point does not appear to have been properly raised by any assignment of error and we will not discuss, or decide it, in this appeal. Silver v. State, supra, and Stephan v. State, supra.
The other points raised by appellants for reversal in this appeal have been discussed above, or will be discussed below, and will not be treated at this juncture.
The final judgment, resulting in appeals from it and various other orders in #71-404, 405, 446, 1108 and 1109, was issued against United Theater and others on March 25, 1971. We have discussed above many of the points raised by the appellants and will discuss herein only those points not already treated.
Appellants argue the permanent injunction issued against it was overbroad and the state concedes that portion of the injunction which applied to "still pictures" was improper and overbroad because no "still pictures" were introduced into evidence. The final judgment, is, therefore, reversed as to that portion of the permanent injunction which refers or relates to "still pictures".
Appellant's point on appeal that the trial court erred in padlocking the premises is moot as a result of its order of April 13, 1971 which removed the padlocks and permitted the use of the theater for legal business.
We find no assignment of error which supports appellant's argument that the trial court lacked jurisdiction over certain individual defendants and could not enter injunctive orders against them. Bishop v. Wometco Enterprises, Inc., Fla.App. 1970, 235 So.2d 759.
Assuming arguendo, that this point was properly raised the record shows an answer filed on behalf of the corporate and individual defendants and no issue as to lack of jurisdiction over the individual defendants was ever properly raised by them in the trial courts. 8 Fla.Jur. Courts § 112.
The trial judge issued contempt orders against several of the parties herein. The various defendants appeal from the three *214 orders of contempt arising out of the permanent injunction against their showing of material which may be characterized as pornographic films.
The distinction between civil and criminal contempt is explained in Demetree v. State ex rel. Marsh, Fla. 1956, 89 So.2d 498, at 501.
As shown in Demetree, a contempt proceeding based on violation of an order or injunction entered in a proceeding brought by or on behalf of the state relating to a matter which is offensive to the public or which is prohibited by law, is a criminal contempt. The proceeding in Demetree was brought by the county solicitor to abate a public nuisance. The order violated was an injunction against operating a house of prostitution as being a public nuisance. The Supreme Court held that the contempt proceeding for violation of that injunction was a criminal contempt. Our case is similar, since the proceedings here were brought by the state to restrain action declared by statute to be unlawful.
These alleged contempts were not committed within the presence of the court, were not seen or heard by the court, and were indirect criminal contempts which are governed by Rule 1.840 CrPr, 33 F.S.A. See also State ex rel. Giblin v. Sullivan, 157 Fla. 496, 26 So.2d 509 (1946), and Vernell v. State ex rel Gerstein, Fla. App. 1968, 212 So.2d 11. The rule requires that an order issue to the defendant "stating the essential facts constituting the criminal contempt charged and requiring him to appear before the court to show cause why he should not be held in contempt of court." No written order was issued to any of the parties held in contempt in any of the proceedings resulting in the three contempt orders.
The state attempts to uphold the contempt orders by arguing they were based on certain stipulations made by counsel for defendants. It is true that certain stipulations were discussed but the record shows counsel for defendants ultimately withdrew the offers to stipulate.
The procedure required by the rule and the law was not followed in the entry of the three contempt orders and each contempt order must be reversed and remanded to the trial court for further proceedings in accordance with the rule and law. See also Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767, and Gompers v. Buck's Stove and R. Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797.
For these reasons set forth above the final judgments and orders herein appealed are affirmed, except as to that portion in one final judgment referring to "still pictures" which portion is reversed. The contempt orders are reversed and remanded for proceedings in accordance with the rule and law.
It is so ordered.
SWANN, Chief Judge (dissents).
After preparing the foregoing opinion I was unable to obtain an agreement from the majority with my view insofar as the geographical limitations in which the injunctive portion of the judgment should apply. The majority is of the view that an injunctive order which restrains the showing of obscene materials can only run and be effective within the geographical limits of the jurisdiction in which the cause was brought to trial. See State of Florida ex rel. Little Beaver Theatre, Inc. v. Tobin et al., Fla.App. 258 So.2d 30, released February 15, 1972. Little Beaver, supra, relied upon the authority of Davison v. State of Florida, Fla. 1971, 251 So.2d 841, for the proposition that an injunctive order may not extend and be effective throughout the State of Florida but must be limited to the geographical limits of the jurisdiction in which the cause was brought to trial. I believe that Davison, supra, simply held that a trial judge must use community standards for the determination of the issue of obscenity and that those standards *215 to be applied by him are the community standards within the geographical limits of the jurisdiction in which the cause is brought to trial. This is not proper authority, in my opinion, for determining the area in which an injunctive order may be made effective by a circuit court judge. I do not think that point was decided in Davison, supra.
The point at issue in the case here on appeal is whether, after the circuit court judge has applied the proper community standards and determined that certain material is obscene, he may issue a proper injunctive order that will run throughout the State of Florida or whether injunctive orders in obscenity cases must be treated differently than any other injunctive orders and be restricted to only the geographical limits of the jurisdiction in which the action is brought to trial. 8 Fla.Jur. Courts § 86 states:
"And they [circuit courts] have extraterritorial jurisdiction in the sense that their judgments are enforceable in all counties... ."
The remedy of injunction is in personam and where a court has jurisdiction of the parties it may even enjoin the prosecution of an action in another state or county. 42 Am.Jur.2d Injunctions § 252. Any different conclusion would mean that a defendant in a Florida obscenity case could be enjoined from showing or displaying the obscene matter only in the jurisdiction where the cause was brought to trial. Such is not and should not be the law. Cf. Friedman v. Friedman, Fla.App. 1969, 224 So.2d 424.
I do not think an injunctive order in an obscenity case should receive special treatment from injunctive orders properly entered in any other case by a circuit court judge in the State of Florida. I believe, and would hold, that when a circuit judge in Florida has jurisdiction over the parties and the subject matter and has properly applied the community standards set forth in Davison, supra, and has determined that certain material before him is obscene, that he may issue an injunction which enjoins the parties (defendants) from showing, displaying or exhibiting such obscene material at any public place in the State of Florida.