258 So.2d 30 (1972)
STATE of Florida ex rel. LITTLE BEAVER THEATRE, INC., Appellant,
v.
Gerald J. TOBIN et al., Appellees.
No. 71-447.
District Court of Appeal of Florida, Third District.
February 15, 1972.
Rehearing Denied March 8, 1972.
*31 Engel & Halpern, Miami, for appellant.
Alan H. Rothstein, City Atty., and Jack R. Rice, Asst. City Atty., for appellees.
Before SWANN, C.J., CHARLES CARROLL, J., and SACK, MARTIN, Associate Judge.
PER CURIAM.
The appellant Little Beaver Theatre, Inc., by a complaint and an amended complaint filed against the judges of the municipal court of the City of Miami and the city attorney, sought to enjoin its prosecution in the municipal court for alleged violation of the obscenity ordinance of the city by the showing of three certain films which had been seized on a search warrant, alleging as ground for the injunction sought that the city's obscenity ordinance was unconstitutional, and seeking return on the motion picture films. The city filed a responsive pleading and applied to the court for an order enjoining the plaintiff from showing the films.
On final hearing the court entered a judgment from which the plaintiff has appealed, as follows:
"This Cause coming on to be heard upon final hearing, and after examining the pleadings in this cause, hearing testimony of the witnesses, considering the evidence, and hearing extensive legal arguments of the attorneys for the respective parties herein, and being otherwise fully advised in the premises, the Court finds:
"1. That this Court entered an order on the 28th day of July, 1970, wherein this Court retained jurisdiction over all issues concerning the alleged action of the City of Miami pertaining to films seized by it on July 11, 1970, at the Strand Theatre, and retained jurisdiction for the purpose of construing the constitutionality of § 37-9 and § 37-10 of Chapter 37 of the Code of the City of Miami (Ordinance No. 7820) and related matters.
"2. The Relator attacked the aforesaid ordinance for its failure to set out objectives and specific standards for the determination of obscenity in conformity with the decisions of the Supreme Court of the United States. This Court rejects this contention as the ordinance meets federal constitutional requirements because it adopts by implication the standards of Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498. The view is hereby adopted that the constitutional standards defining obscenity promulgated by the Supreme Court, although not literally present in the ordinance, are to be implied when the ordinance is applied. See South Fla. Art Theatres, Inc. v. State ex rel. Mounts, Fla.App., 224 So.2d 706.
"3. The fact that the ordinance is silent in not specifically prescribing adversary proceedings to be filed before any *32 prior restraint is allowed is also without merit as the constitutional requirements are implied in the ordinance itself. The City of Miami ordinance, in failing to apply these tests, does not result in the ordinance being unconstitutional. The City in making an arrest or seizure must apply these tests. Therefore, the City was validly enjoined from holding a hearing on July 24, 1970 in the Municipal Court and the films so seized returned to the Relator.
"4. The contention that the ordinance fails specifically to include the words `motion pictures' in § 1(a) and § 2 thereof is totally without merit as the ordinance does specify pictures which of necessity would include motion pictures.
"5. The Court, although not witnessing the motion pictures in controversy in this cause, reviewed the affidavits in the file and the Verified Complaint and Application for Search Warrant and the testimony of the police sergeant who witnessed the films, and the inescapable conclusion is that the motion pictures in controversy were hard core pornography or `stag movies' and there are no conceivable community standards which would permit dissemination of this type of motion picture. There was no testimony submitted that there were any alleviating artistic overtones or that the motion pictures had any redeeming social importance, and said motion pictures are in fact obscene. See Collins v. State Beverage Department, Fla.App., 239 So.2d 613.
"6. The City of Miami's motion for injunction is supported by ample authority under its Charter, being Chapter 10847, Laws of Florida, 1925, as amended.
"It is Thereupon Ordered and Adjudged:
"1. That City of Miami Ordinance No. 7280, as contained in § 37-9 and § 37-10 of Chapter 37 of the Code of the City of Miami, is constitutional and val id.
"2. That the Relator, Little Beaver Theatre, Inc., is hereby permanently and perpetually enjoined and restrained from showing or exhibiting at any public place in Dade County or the State of Florida the motion picture films entitled `Married Bachelors', `Computer Game' or `The Fur Piece'."
The judgment contained an additional paragraph in which the plaintiff was enjoined from publicly showing any motion picture film which should portray certain acts there listed.
At the outset we hold that the last mentioned provision of the judgment was not properly included therein. It did not have reference to the films which had been seized or to any specific films and was too broad in scope.
We also hold that the provision in the judgment which enjoined showing the named moving picture films any place in the state, outside of Dade County, was too broad, and that feature of the judgment is hereby deleted. See Davison v. State, Fla. 1971, 251 So.2d 841, 846.
Otherwise we conclude that the trial judge correctly disposed of the questions presented, and with the modifications indicated above the judgment is affirmed.
SWANN, C.J. (dissenting).
I respectfully dissent from that portion of the opinion and decision which holds that a Circuit Court may not enjoin the showing of obscene films at any public place in the State of Florida. My reasons are set forth in United Theaters of Florida, Inc., d/b/a United Mini Adult Theater v. State of Florida, ex rel. Richard E. Gerstein, Fla.App., 251 So.2d 737, 1972.