PER CURIAM.
This appeal is by the defendants below from an adverse judgment enjoining public showing by them, within Dade County, of certain motion pictures found by the trial court to be obscene. Upon consideration thereof upon the record, briefs and argument and the content of the films, the judgment is affirmed, with a modification which is specified below.
Challenges as to the validity of the statute involved have been rejected repeatedly by the Supreme Court. State v. Reese, Fla.1969, 222 So.2d 732; May v. Harper, Fla.1971, 250 So.2d 880; Davidson v. State, Fla.1971, 251 So.2d 841. See also Mitchum v. State, Fla.App.1971, 251 So.2d 298.
The question of whether it is necessary for the state to present testimony of witnesses in order to establish obscenity of a moving picture film, when the character of the film as to obscenity can readily be determined by the court upon viewing it, need not be decided in this case. Here, where testimony was presented pro and con as to whether a certain film was obscene, we reject as being without merit the contention of the appellants that the evidence thereon was insufficient to support the court’s holding of obscenity of the film.
In paragraph numbered six of the “ordered” portion of the judgment, the court enjoined the defendants “from showing or exhibiting any other motion picture films or trailers which are obscene and contrary to Florida Statute 847.011 [F.S.A.] at any of the aforesaid theatres or at any other place or premises within the 11th Judicial Circuit of Florida where the public is permitted.”
That blanket injunction provision of the judgment is not proper. A catch-all restraint against showing “obscene” films is not authorized. An injunction so worded does not meet the requirement that the objects of restraint in this connection must be carefully defined. See Mitchem v. State ex rel. Schaub, Fla.1971, 250 So.2d 883, 886. Accordingly, the judgment is modified by eliminating the blanket in-junctive provision contained in paragraph numbered six of the judgment.
Judgment modified and, as modified, affirmed.