PER CURIAM.
These appeals were separately filed but were consolidated for all appellate purposes. They will be discussed in a single opinion because one is an extension of the facts discussed in the other. Appeal #71-889 is from a final judgment which enjoined the appellants, Art Theatre Enterprises, Inc., Bernard D. Rose, and Mildred Rose, from showing certain designated films and further enjoined the same appellants from showing any film of a type described in the judgment. The fourth paragraph of the final judgment declared that the operation of two designated theaters was a public nuisance, and enjoined the showing of any film of a type described at the addresses given or anywhere else in the State of Florida. Appeal #71-1097 is from an order entered after final judgment directing the Sheriff of Dade County to padlock the premises owned by the appellant corporation.
The appellants have presented three points which will be discussed in the order presented. The first point presented is:
“Did the lower court err in finding that the films involved constituted hard core pornography and were obscene where there was no testimony presented by the State to prove the allegations contained in the plaintiff’s complaint, necessary to make a legal determination of obscenity ?”[1]
The point does not present reversible error because the record does not substantiate appellant’s argumentative assertion contained in the point: “ . where there was no testimony presented by the State to prove the allegations. . . . ” Although it is not necessary for this court to detail the evidence, we do point out that the record contains the following: (1) there is an admission in the record that the feature film held to be hard-core pornography was the same film held to be hardcore pornography by another circuit judge in the same county; (2) the trial judge viewed a portion of the film; (3) all the films specifically enjoined were described in the record by police officers who instituted the proceedings; and, (4) the record includes the films as exhibits. We hold that the record is sufficient to sustain the finding of the trial judge that the films involved are hard-core pornography.
The second point presented is:
“Did the lower court err in refusing to allow the defendants to produce expert testimony on the issue of the redeeming social value and other issues vital to a legal determination of obscenity, and in the court’s finding that it could not attribute expertise to any person who testified that the films were entitled to constitutional protection without having heard any testimony whatsoever on said issue?”
For the sake of argument, appellants admit that a prima facie case may have been established, but they wanted to refute the case by presenting witnesses who would pre *269 sumably testify that even though the film was hard-core pornography it did not violate contemporary community standards. The trial judge thought that such testimony would be nonsense and that his responsibility as a trier of fact did not require him to listen to nonsense. We need not discuss that proposition because we think that if the judge’s conclusion was error, it was harmless error. The trial judge viewed the films and we have viewed the films; they are hard-core pornography.
In Collins v. State Beverage Department, Fla.App.1970, 239 So.2d 613, the District Court of Appeal, First District, had for review an order of the State Beverage Department suspending a beer and wine license because of the sale and possession of obscene literature. The court considered a point directed to the sufficiency of the evidence of obscenity when the government failed to present any testimony regarding the alleged obscene materials. In deciding that such testimony was not necessary for a prima facie case where the exhibits were obviously hard-core pornography the court said:
* *
“Similarly, we hold that the magazines before us are conclusive ‘autoptical proof’ of obscenity and filth; that there are no conceivable community standards which would permit the indiscriminate dissemination of these materials; that there is no alleviating artistic overtones; and that they are utterly without redeeming social importance. In other words, we hold that these magazines are ‘hard-core pornography’ and, as such, they speak for themselves. In our opinion, reasonable men could not differ as to their obscenity. There was no need, therefore, for the testimony of witnesses that the magazines are obscene under the standards recognized in the Roth case, supra.”
******
■We hold that the principle is applicable here and that the films are sufficient to overcome any opinion evidence that could have been presented.
The third and last point is as follows:
“Did the lower court err in its final judgment based upon a complaint filed under section 847.011 of the Florida Statutes that the defendants’ business constituted a nuisance and the court restrained and enjoined the defendants from showing or exhibiting in any public place in Dade County, Florida or the State of Florida any motion picture films which graphically portrayed genitalia with sexual intercourse, whether actual or simulated, etc.”
This point in essence argues that the restraining order is too broad. We think that appellants’ argument has merit.
The territorial area designated is too broad. See State ex rel. Little Beaver Theatre, Inc. v. Tobin, Fla.App., 258 So.2d 30, 1972, 3rd D.C.A.; United Theaters of Florida, Inc. v. State ex rel. Gerstein, Fla.App., 259 So.2d 210, 1972, 3rd D.C.A. Case Nos. 71-102, etc. filed Feb. 15, 1972. We therefore hold that the provision of the injunction as to territorial limits must be amended to run within the geographical limits of the jurisdiction in which the action was brought to trial, in this instance Dade County.
We also agree that the order appealed is too broad in its description of subject matter. The final injunctive order is sustained on this appeal because of a finding that the subject films are hard-core pornography; appellee urges no other ground and the record from our examination contains no other ground. The trial judge from this factual finding concluded that any motion picture which “ . . . graphically portrays nudity in combination with sexual intercourse . . . actual or simulated. . . . ” would also be hard-core pornography. The record is devoid of a showing that such a description meets the test set forth by the Supreme Court of the State of Florida in Mitchem v. State ex rel. *270 Schaub, Fla.1971, 250 So.2d 883, where the Supreme Court stated:
* * * * * *
“The standards asserted as proper by the State and accepted by the trial court below are those of Roth without more. The proper standards, as contained in Memoirs, and as must be read into Fla. Stat. § 847.011(10), F.S.A., are that:
‘Three elements must coalesce: it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offen-fensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value.’ ”
We therefore hold that the last mentioned provision of the judgment was not properly included therein. State ex rel. Little Beaver Theatre, Inc. v. Tobin, supra; also see Paris Follies, Inc. v. State ex rel. Gerstein, Fla.App., 259 So.2d 532, 1972, 3rd D.C.A.
 As mentioned in the introductory portion of this opinion, the appellant has also filed an appeal from the order directing the Sheriff of Dade County to padlock the premises owned by the corporation. We find no point on appeal or argued assignment of error on which error in this particular may be predicated. We therefore do not further consider the appeal from this order except to point out that the record on appeal does contain an order modifying the initial order padlocking the premises by limiting the closing of the premises to the projection room of the theater premises. We think that it should be pointed out that such an enforcement order is a temporary expedient and should not be regarded as a solution in perpetuity. United Theaters of Florida, Inc. v. State ex rel. Gerstein, Fla.App., 259 So.2d 210, 1972, 3rd D.C.A. Case Nos. 71-402 etc., filed Feb. 15, 1972. Therefore, our affirmance of the order relative to the closing of the premises is necessarily without prejudice to an application to the court for a limitation or termination of the order for good cause shown.
In accordance with this opinion, the judgment and orders appealed from are affirmed in part and reversed in part and the cause is remanded for the entry of an amended final judgment limiting the in-junctive portions of the judgment.
Affirmed in part, reversed in part and remanded.

. We do not quote these points as models for the guidance of the Bar. See State v. Hodges, Fla.App.1963, 169 So.2d 359. They are quoted for convenience and clarity in discussion only.