843 F.2d 1386
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Walter T. FICKLING; William L. Prentice; F & P
Enterprises, Inc.; Gen-Jan Foods, Inc.,
Plaintiffs-Appellants,
v.
BURGER KING CORPORATION, Defendant-Appellee.
 No. 87-1725.
 United States Court of Appeals, Fourth Circuit.
 April 4, 1988.
 
 G. Jona Poe, Jr. (Terry D. Fisher; Stubbs, Cole, Breedlove, Prentis & Poe, on brief), for appellants.
 Brian L. Sullivan (Stephen R. Lang; Jean R. Weinberg; Breed, Abbott & Morgan; John F. Mitchell; J. Anthony Penry; Petree, Stockton & Robinson, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS and SPROUSE, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiffs Walter Fickling, William Prentice, F & P Enterprises, Inc., and Gen-Jan Foods, Inc. appeal from the district court's grant of summary judgment for defendant Burger King Corporation (BKC). Plaintiffs, franchisees of nine Burger King restaurants in the Fayetteville, North Carolina, area, alleged in their complaint that BKC, by granting two new Burger King franchises to the Army and Air Force Exchange Service (AAFES) at Fort Bragg, North Carolina, had breached oral exclusive territory agreements between plaintiffs and BKC and by these same actions had violated customary trade practices and, arguably, an implied covenant of good faith performance of the franchise agreement. The district court dismissed all of plaintiffs' claims as either barred by the applicable Statute of Frauds or otherwise lacking in merit. We affirm.
 
 
 2
 * Under applicable Florida law, as designated in the franchise agreement, an oral agreement between two parties "that is not to be performed within the space of one year from the making" of the agreement is unenforceable. Fla.Stat. Sec. 725.01 (1987). Plaintiffs here alleged oral exclusive territory agreements of indefinite duration which the district court found, through reference to the related franchise agreements of twenty years duration, to be neither susceptible of performance nor intended to be performed in less than one year. These findings are not challenged on appeal and, therefore, the district court's dismissal on these facts of plaintiffs' territorial exclusivity claims as barred by the Florida statute of frauds, being correct as a matter of law. See Yates v. Ball, 181 So. 341, 344-45 (Fla.1937); Gulf Solar, Inc. v. Westfall, 447 So.2d 363, 365-66 (Fla.Dist.Ct.App.1984); Byam v. Klopcich, 454 So.2d 720, 721 (Fla.Dist.Ct.App.1984).
 
 
 3
 Moreover, the district court found that the existence of such oral exclusivity agreements is flatly contradicted by clauses in the various franchise agreements that expressly disavow any grant of exclusive territory in plaintiffs' favor. These clauses expressly state that the franchise agreements "constitute the entire agreement of the parties," which agreement "may only be modified or amended by written document." In the face of the franchise agreement's express and unambiguous provisions, plaintiffs' claims of violations of customary trade practices were also properly dismissed as contrary to the express terms of the franchise agreements. See MacGregor v. Hosack, 58 So.2d 513, 515 (Fla.1952); Roe v. Henderson, 190 So. 618, 619 (Fla.1939); Stapling Machines Co. v. Kirk, 298 So.2d 564, 566-67 (Fla.Dist.Ct.App.1974).
 
 
 4
 Plaintiff also claims to have alleged a breach by BKC of an implied covenant of good faith performance of the franchise agreements. Assuming without deciding that this claim was adequately raised before the district court, it was properly dismissed as plaintiff failed to raise a genuine issue regarding Burger King's failure to comply with the enforceable unambiguous express terms of the contract. Under Florida law, the obligation of good faith will not be implied in derogation of the express terms of a contract. See Coira v. Florida Medical Assoc., 429 So.2d 23, 24 (Fla.Dist.Ct.App.1983); Dickey v. Holiday Inns of America, Inc., 226 So.2d 406, 407 (Fla.Dist.Ct.App.1969).
 
 
 5
 Finally, the district court having properly found "no breach of contract and, therefore, implicitly no fraudulent, unfair, or deceptive act on defendant's part in the formulation or execution of the contracts," Smith v. Central Soya of Athens, Inc., 604 F.Supp. 518, 529 (E.D.N.C.1985), properly dismissed plaintiffs' unfair trade practices claim under N.C.Gen.Stat. Sec. 75-1.1.
 
 II
 
 6
 Plaintiffs' complaint also alleged a "wrongful breach" by BKC of a 1985 agreement between BKC and plaintiffs by which BKC agreed to waive or reduce franchise fees for the next three new or successor franchises granted plaintiffs in return for plaintiffs' agreement not to bring suit on any claim related to the opening of the first AAFES Burger King restaurant at Fort Bragg. The substance of the alleged "wrongful breach" was BKC's delay in granting final approval of plaintiffs' new Burger King franchise at Cross Creek Mall in Fayetteville. The delay was claimed to have caused plaintiffs damage in the form of increased costs and lost profits. A violation of the North Carolina Unfair Trade Practices Act was also alleged in connection with this delay.
 
 
 7
 Although the district court, in dismissing plaintiffs' action, did not expressly state its reasons for dismissing the claims related to the 1985 agreement, it was not required to do so, see Fed.R.Civ.P. 52(a), and the record reveals that these claims were properly dismissed along with the other claims. The 1985 agreement does not bind BKC either to grant plaintiffs any additional franchises nor does it, in the event BKC did so grant, bind BKC to any particular time for performance. Rather, the agreement expressly permits BKC to operate in accordance with its existing policies. No genuine issue of material fact therefore existed as to the 1985 agreements, and summary judgment for BKC was properly entered on this claim.
 
 
 8
 AFFIRMED.