IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TIMOTHY SCOTT YOUNG,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

v.

CASE NO. 1D15-1972

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed January 25, 2016.

An appeal from the Circuit Court for Okaloosa County.
Ross M. Goodman, Judge.

Glenn M. Swiatek, Shalimar, for Appellant.

Pamela Jo Bondi, Attorney General, and Angela R. Hensel, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

In this appeal of a conviction for trafficking, possession of controlled substance, and possession of less than 20 grams of a controlled substance, Timothy Scott Young raises, through counsel, a single issue: whether fundamental error

resulted from *defense counsel's* explanation of the reasonable doubt standard during jury selection. We will not comment on whether defense counsel did misstate the reasonable doubt standard, for even if defense counsel did misstate the standard, such an error cannot be raised on direct appeal. Appointed appellate counsel asserts that he is not raising a claim of ineffective assistance of trial counsel. But, he fails to explain how the matter raised is cognizable on a direct appeal. It is a very basic premise of appellate jurisprudence that a party cannot seek relief on direct appeal for an error committed by the party. See Escambia County Elec. Light & Power Co. v. Sutherland, 61 Fla. 167, 55 So. 83 (1911); North Shore Hospital, Inc. v. Luzi, 194 So. 2d 63 (Fla. 3d DCA 1967); Seaboard Coast Line R.R. Co. v. Hendrickson, 212 So. 2d 901 (Fla. 1968); Holmes v. School Bd. of Orange County, 301 So. 2d 145 (Fla. 4th DCA 1974); Martinez v. Pereira, 431 So. 2d 326 (Fla. 3d DCA 1983); Norton v. State, 709 So. 2d 87 (Fla. 1997); Goodwin v. State, 751 So. 2d 537 (Fla. 1999); Sheffield v. Superior Ins. Co., 800 So. 2d 197 (Fla. 2001); Morgan v. State, 146 So. 3d 508 (Fla. 5th DCA 2014); *et al.* "Otherwise a litigant may inject error into the record and take advantage of it which he should not be permitted to do." Roe v. Henderson, 139 Fla. 386, 389, 190 So. 618, 620 (Fla. 1939).

AFFIRMED.

LEWIS, ROWE, and BILBREY, JJ., CONCUR.