## EX PARTE: BENNY MANISCALCO

15 So. (2nd) 445
November 9, 1943

June Term, 1943
En Banc

*Wm C. Pierce,* for petitioner.
*J. Rex Farrior,* for respondent.

BUFORD, C. J.:

Petitioner, being informed against by the States Attorney, was charged with the commission of acts which it was alleged constituted grounds on which the respondent therein named should be adjudged in contempt of Court, viz:

"3. Relator further alleges, upon information and belief, based upon sworn testimony before him which, if true, constitutes contempt of this Court; that the defendant, Benny Maniscalco, knew that the defendant, Philip Buttica, alias Freddie Lazar, alias Freddie Lazzar, alias Freddie Lazara, was hiding and a fugitive from justice, but was nevertheless in personal contact, from time to time, with said defendant while charged with and indicted for rape, and while a fugitive from justice, yet wholly failed to report this knowledge or the whereabouts of said defendant, Philip Buttica, alias Freddie Lazar, alias Freddie Lazzar, alias Freddie Lazara, to the officers or authorities, so that he might be apprehended; that the said Benny Maniscalco did further, by words and

acts, as testified to by Dexter Patterson, as aforesaid, intimidate the witness, Dexter Patterson, to the end that the said Benny Maniscalco did request the said witness, Dexter Patterson, to persuade the prosecutrix to drop the case, and did request the said witness to testify falsely, and further requested said witness to leave the jurisdiction of the Court, offering to give said witness money to leave with, so that he would not be available as a witness; that the acts and doings of the said Benny Maniscalco, as hereinabove alleged were wilful and contemptuous and took place over a period of time from approximately September 1st to September 15th, or 16th, 1941."

For return, inter alia, the respondent said:

"Respondent denies the material allegations of paragraph 3 and 4 of the petition which it is alleged constitutes contempt of Court on the part of respondent, except that respondent did know that said Freddie Lazara was not apprehended at the time or times mentioned in said paragraph 3. Further answering said petition and rule, this respondent respectfully avers that he is not guilty of any acts and conduct which would constitute contempt of court in connection with the subject matter contained in said petition, and further alleges that whatever acts and conduct took place on his part were not done wilfully or contemptuously or with any desire or intention of being in contempt of this Court or of obstructing the administration of justice in this Court or to transgress upon the dignity, efficiency or authority of this Honorable Court."

It is contended that the information is invalid because the material allegations are made on information and belief. A like contention was presented in the case of Ex Parte Crews, 127 Fla. 381; 173 So. 275, and was determined adversely to the relators contention.

It is contended that the respondent's verified return was sufficient to require his discharge under the rules enunciated in the case of Croft v. Culbreath, 150 Fla. 60, 6 So. (2nd) 638, and cases there cited.

In the Croft case, supra, we said:

"For the return, under oath, to operate as a discharge, it must be direct, specific, full and unequivocable. The failure to deny any material act will render it ineffectual."

The rule applied in the Croft case, supra, is that the return must be so specific in its language of denial that a charge of perjury may be based thereon, if the denial be false. A general denial of being guilty of contempt is not sufficient. He does not deny absolutely doing any particular one of the acts charged but makes a qualified denial, viz: "this respondent respectfully avers that he is not guilty of any acts and conduct which would constitute contempt of Court in connection with the subject matter contained in said petition." Non constat, he does not deny the acts charged, but avers that he has done no act which would constitute a contempt. This is a conclusion of affiant and prosecution for perjury based on such an averment could not prevail.

I, therefore, think the information was sufficient, that the return was insufficient to warrant discharge and that petitioner here should be remanded. It is so ordered.

TERRELL, BROWN, CHAPMAN and SEBRING, JJ., concur.

THOMAS, J., agrees to conclusion.

ADAMS, J., dissents.