PER CURIAM.
This is an appeal from an order of the circuit court adjudging appellant to be guilty of indirect criminal contempt.[1]
The points relied on and argued before this court were: (1) the contention that the appellant was not afforded due process, through holding the hearing prior to the return date, in that respondent was entitled to the full time fixed by the rule to show cause in which he might have filed a sworn denial entitling him to be discharged, and (2) that the matters with which he was charged in the rule to show cause were insufficient to show contempt.
After hearing argument, this court filed an opinion on December 11, 1958, reversing the judgment. It was then our view that by requiring trial two days before the return date, and before written *24 answer, the trial court had deprived the respondent of the full opportunity to file a sworn answer denying the charges. In so holding we were giving recognition to the common law rule that “in cases of indirect or constructive contempts, the sworn answer of the alleged contemnor fully denying the charge is conclusive and entitles him to a discharge”, as that rule had been followed and applied in this state Ex parte Earman, 85 Fla. 297, 95 So. 755, 31 A.L.R. 1226; Ex parte Biggers, 85 Fla. 322, 95 So. 763; Croft v. Culbreath, 150 Fla. 60, 6 So.2d 638. See Wilson v. Joughin, 105 Fla. 345, 141 So. 178; Wilson v. Joughin, 105 Fla. 353, 141 So. 182; Baumgartner v. Joughin, 105 Fla. 335, 141 So. 185; Cormack v. Coleman, 120 Fla. 1, 161 So. 844; Ex parte Maniscalco, 153 Fla. 666, 15 So.2d 445; State ex rel. Franks v. Clark, Fla.1950, 46 So.2d 488.
However, in a petition for rehearing, the state pointed out that the common law rule has been superseded by a statute, § 38.22, Fla.Stat., F.S.A.[2]
We granted rehearing, and after reargument and further consideration of the record and briefs, we now recede from our earlier opinion and judgment of reversal, and affirm the judgment.
In State ex rel. Huie v. Lewis, Fla.1955, 80 So.2d 685, in considering the argument of one who had been adjudged guilty of contempt, that his denial under oath of an alleged conversation entitled him to be discharged under the common law rule above referred to, the Supreme Court took note of § 38.22, Fla.Stat., F.S.A., in its present form, as having abrogated that common law rule, saying (at page 690) : “Whatever may have been the common law rule, it is now superseded by F.S.Section 38.22, F.S. A.” Also, in 4 F.L.P., Contempt, § 18, it is said: “The common law rule that denial under oath requires discharge has been superseded by statute, so that such denial alone is no longer sufficient.”
The trial of this contempt matter was heard two days before the return date fixed in the rule to show cause. That early hearing was due to a misunderstanding as to the dates. The respondent duly appeared at the hearing with his counsel who made no formal objection or motion to delay the proceedings, and who proceeded to trial on making an oral answer consisting of a “not guilty” general denial, which the court accepted as the answer or the return of the respondent. Under those circumstances the rights of the respondent were not prejudiced and no error resulted from holding the trial two days before the return date.
On the remaining question, as to whether the matters charged in the rule to show cause were sufficient to show contempt, we conclude that the facts alleged were sufficient- when duly established by the evidence to form a basis upon which the court could and did find the respondent guilty of indirect criminal contempt. Moreover, no motion to quash, or other challenge of the sufficiency of the information upon which the rule was issued, was asserted in the trial court. See § 909.06, Fla.Stat., F.S.A.
The rule to show cause which was issued against the respondent, repeated the allegations of the information. It was thereby charged that respondent while acting as attorney of record for plaintiff, in a tort action in which damages were claimed in the amount of $150,000, sought out one of *25 the defendants and offered to pay him one-fourth of all monies which might be collected in said tort action if such party would “change his testimony and testify that the plaintiff, George Donald Ryan, was not drunk on July 5, 1957, and that Corradi (being the party to whom he made such offer) pulled a gun on the plaintiff and upon arrival at the Home Credit Office, locked him in an office room”; that respondent in addition promised that judgment would be taken against another defendant but not against Corradi; and the rule to show cause referred to the requested testimony as being “perjured” testimony.
Any act which is calculated to interfere with, hinder or obstruct the proper administration of justice may be a contempt. 6 Fla.Jur., Contempt, § 18.
“Any interference or attempt to interfere with witnesses by means of bribery, intimidation, inducements, or other unlawful means, in order to induce them to testify falsely, or to change or modify their testimony, or to suppress facts, constitutes contempt, which it is the duty of the courts to guard against zealously and to punish. Thus it is contempt to attempt to bribe a witness, or to use either persuasive or threatening language to a witness for the purpose of inducing him to testify falsely or not to testify, or to attempt by unlawful means to procure a witness to testify in a case contrary to his previous testimony, even though the testimony so sought is the truth, or to attempt to intimidate witnesses knowing that they have been instructed by the court not to talk about the case. * * * ” 17 C.J.S. Contempt § 31, p. 46.
The trial judge rendered his judgment after hearing the evidence, including testimony of the respondent, and the arguments of counsel, and no reversible error has been made to appear in the judgment he entered.
Accordingly, this court’s earlier opinion and judgment of December 11, 1958, is withdrawn, and the judgment of this court is that the order appealed from should be, and it hereby is affirmed.
Affirmed.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.

. The court’s judgment was as follows: “The State Attorney of the Eleventh Judicial Circuit of Florida having filed an Information heroin, charging the defendant, James A. Dodd, with indirect criminal contempt of this Court on November 4, 1957, and the Court having entered a rule to show cause, directing said defendant to appear before the Court and show cause why he should not be punished for such contempt of Court, and said defendant having appeared before the Court and the Court having heard testimony offered in behalf of the State and in behalf of the defendant, including the defendant’s own testimony, finds that the defendant, James A. Dodd, is guilty of willful, indirect criminal contempt of this Court, as charged in the Information filed in this cause; and the said James A. Dodd is hereby adjudged to be guilty of said willful contempt of Court, and is sentenced to pay a fine of Five Hundred ($500.00) Dollars, and in default of the payment of said fine that said defendant be confined in the County Jail of Dade County, Florida, for a period of thirty days.”

. This result was accomplished when § 88.-22, dealing with power to punish for contempt, was amended by chapter 23004, § 1, Laws of Florida 1945. The statute, with the amendatory language italicized, reads as follows: “Every Court may punish contempts against it, whether such contempts he direct, indirect, or constructive, and in any such proceeding the Court shall proceed to hear and determine all questions of law and fact, but the punishment imposed by a Justice of the Peace shall not exceed Twenty ($20.00) Dollars fine, or twenty-four (24) hours imprisonment.”