147 So.2d 163 (1962)
David D. PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. 62-234.
District Court of Appeal of Florida. Third District.
December 4, 1962.
Ward & Ward; Max Spiegelman and David D. Phillips, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and Herbert P. Benn, Asst. Atty. Gen., and Simon Englander, Miami Beach, for appellee.
Before HORTON, CARROLL and BARKDULL, JJ.
PER CURIAM.
Appellant seeks review of an order which, inter alia, found him guilty of reprehensible and contemptuous conduct and ordered him to pay a fine of $100 or be confined for ten days in the Dade County jail. We reverse.
The circumstances which prompted these contempt proceedings emanated from a civil action between Seymour H. Fine, as plaintiff, and Monterey Enterprises, Inc., as defendant. Appellant was the attorney for the defendant corporation and Simon Englander was the attorney for the plaintiff.
On April 2, 1962, attorney Englander filed a petition for an order requiring appellant *164 to appear and show cause why he should not be disciplined for his conduct in attempting to obtain by chicanery and subterfuge an adjournment of proceedings which he had been unable to obtain by order of the court. The petition was not sworn to nor was it supported by affidavit. It alleged that on March 21, 1962, the trial court entered an order granting plaintiff permission to depose the defendant, its officers and agents, prior to the return day of the summons issued in the action. Michael Steckloff and Morley D. Faye, officers of the defendant corporation, were served with witness subpoenas requiring them to appear at Englander's office on Miami Beach, Florida, at 2:00 p.m., on March 28, 1962, for the taking of depositions. Early in the morning of March 28, the appellant phoned Englander and requested an adjournment of the depositions which was refused. At about 11:55 a.m., Englander was served with a copy of appellant's motion for order of protection and a notice of hearing on said motion to be held at 1:45 p.m., on the same day. Englander immediately called the trial judge and informed him he could not attend the hearing on the motion since he had to be in his office to conduct the depositions scheduled for 2:00 p.m. Just prior to 2:00 p.m., appellant phoned Englander speaking with him at some length and again requesting an adjournment. He closed the conversation by saying he would hang up and call back since he was tying up the judge's phone. At this time Steckloff and Faye were present in Englander's office, and at 2:00 p.m., Steckloff was sworn and began to give his deposition.
Appellant again phoned and told Englander he was going to tell Faye to leave and was informed that if he did so, he would be reported in contempt. In spite of this appellant asked to speak with Faye and did so, whereupon Faye refused to testify and left the office. Subsequently, Englander phoned the trial judge and was informed that appellant did not appear with his motion for order of protection until 2:30 p.m., and that the trial judge had refused to sign the order adjourning the depositions.
Based solely on this petition, the trial judge entered an order requiring appellant and Faye to appear and show cause "why they and each of them should not be disciplined and held in contempt," pursuant to said petition.
Appellant responded denying contemptuous intent and alleging, inter alia, that he was first notified on the afternoon of March 26, 1962, that Faye was to be deposed, at which time he was involved in the preparation of an overdue report to the Securities and Exchange Commission and required the constant presence of Faye. He further alleged that on March 28, he called Englander who orally stipulated to a postponement of the taking of Faye's deposition. Appellant then talked to Faye and advised him to leave Englander's office. Englander denied having made any stipulation relative to Faye.
At the hearing on the rule to show cause and appellant's response thereto, attorney Englander, who was not sworn, argued in support of the petition. No sworn testimony or other evidence was offered in support of the petition. After hearing the court entered the order appealed.
Appellant contends that his adjudication of contempt was unsupported by competent evidence and that the charge against him was so vague, ambiguous and indefinite as to render it impossible for him to adequately defend himself. We find these contentions have merit.
In addition to their inherent power to punish for direct, indirect or constructive contempt, courts have had such power conferred upon them by the legislature. See State ex rel. Giblin v. Sullivan, 157 Fla. 496, 26 So.2d 509; §§ 38.22 and 38.23, Fla. Stat., F.S.A. However, judicial wisdom and experience demand that this extraordinary power be not used except to *165 prevent actual and direct obstruction of, or interference with, the administration of justice by attorneys at law in the manner or means used to present their controversies in the courts. State ex rel. Giblin v. Sullivan, supra; State ex rel. McGregor v. Peacock, 113 Fla. 816, 152 So. 616. We are dealing here with an alleged indirect criminal contempt. In such cases the rule to show cause must be predicated on the affidavit of some person having actual knowledge of the facts. Croft v. Culbreath, 150 Fla. 60, 6 So.2d 638; Ex parte Biggers, 85 Fla. 322, 95 So. 763. In addition, due process of law requires that in the prosecution of such a case, the accused be sufficiently advised of the charge so as to accord him reasonable opportunity to meet the charges by way of defense or explanation. See State ex rel. Giblin v. Sullivan, supra; Baumgartner v. Joughin, 105 Fla. 335, 141 So. 185.
Applying these principles to the record in the case before us, we conclude that the trial court erred in entering the order appealed for the following reasons: (1) the rule was predicated on an unsworn petition which contained numerous conclusions of law and fact; (2) neither the rule to show cause nor the petition upon which it was predicated plainly charged the accused with a specific act of intentional, criminal contempt or conduct amounting thereto in accordance with the requirements of due process; (3) neither the petition nor the rule was sufficient to apprise him of the exact charge against him or which, if any, order of the court he had refused to obey so as to present him with a reasonable opportunity to prepare a defense; and (4) in addition, no competent testimony or evidence upon which to base a conviction of contempt was produced at the hearing on the rule.
Accordingly, the order appealed is reversed and the cause is remanded with directions to discharge the rule and dismiss the petition.
Reversed and remanded with directions.