212 So.2d 11 (1968)
Louis VERNELL, Appellant,
v.
STATE of Florida ex rel. Richard E. GERSTEIN, State Attorney for the Eleventh Judicial Circuit of Florida, Appellee.
No. 67-619.
District Court of Appeal of Florida. Third District.
July 2, 1968.
Rehearing Denied July 31, 1968.
*12 Milton E. Grusmark, Miami Beach, for appellant.
Earl Faircloth, Atty. Gen., and Harold Mendelow, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
CHARLES CARROLL, Chief Judge.
The appellant, a practicing attorney, was adjudged guilty of indirect criminal contempt in the criminal court of record of Dade County. The penalty imposed was a fine of $500. On this appeal therefrom he presents four points.
The first contention is that the rule to show cause was improvidently issued because it was not predicated on an affidavit of one having knowledge of the alleged facts. Secondly, appellant contends he was entitled to a jury trial, and was denied that right. Thirdly, it was argued that the orders of the court which he was alleged to have violated were not lawful orders. And the fourth is a contention that the judgment in contempt represented an abuse of discretion of the court.
The requirement that a rule to show cause for indirect contempt should be predicated on affidavit of one having knowledge of the alleged facts (Ex parte Biggers, 85 Fla. 322, 95 So. 763; Phillips v. State, Fla.App. 1962, 147 So.2d 163) is sufficiently met by the filing of a sworn petition of an assistant state attorney setting forth facts upon the basis of which the rule to show cause is issued. Ex parte Crews, 127 Fla. 381, 173 So. 275; Ex parte Maniscalco, 153 Fla. 666, 15 So.2d 445.
The contention of appellant that he was entitled to have the matter heard before a jury is without merit. Rule 1.840(a) (4) CrPR, 33 F.S.A., providing for trial by jury of issues of fact in indirect criminal contempt proceedings, became effective January 1, 1968. That rule did not apply to this cause, wherein the hearing *13 or trial took place on June 27, 1967. Under the law then in effect such proceedings properly were heard before the court without a jury. § 38.22 Fla. Stat., F.S.A. Baumgartner v. Joughin, 105 Fla. 335, 141 So. 185, 188; Ballengee v. State, Fla.App. 1962, 144 So.2d 68, 70.
The orders alleged to have been violated were lawful orders of the trial court. One was an order to the attorney for the defendant to be present at the resumption of a cause after a called recess. The other was an order of the court made at the conclusion of the trial enjoining counsel from speaking with the jurors unless the court should so authorize by order. Those were orders properly made in the course of the administration of the cause by the trial court.
As to the first order, the record reveals that during the voir dire for selection of a jury in a trial in which the appellant represented the defendant, the court recessed at 5:30 P.M. and ordered counsel to be present to resume the cause at 9:30 A.M. the following day; that the appellant did not appear as directed and did not communicate with the court or furnish explanation of his absence.
Some weeks later the trial was held, and at the conclusion thereof the order was made enjoining counsel from communicating with the jurors. Thereafter, without having obtained permission of the court, the appellant contacted one of the jurors who had served in the case, by leaving a written message for him and by telephoning him, admittedly for the purpose of obtaining evidentiary support for a motion for new trial.
The judgment in contempt did not present an abuse of discretion on the part of the trial court. Due process was observed. The respondent in contempt was sufficiently informed of the basis of the charge by the petition and rule to show cause. He was allowed ample time to respond thereto. The suggestion was filed and the rule issued on May 31. The return date fixed was June 13. A motion of the respondent for continuance was granted. Respondent filed an answer and a motion to discharge the rule, and the matter came on for hearing before the court on June 27. Having in mind the requirement that in a proceeding for indirect criminal contempt the contemnor is presumed to be innocent until proved guilty beyond a reasonable doubt (Demetree v. State ex rel. Marsh, Fla. 1956, 89 So.2d 498, 502), we have reviewed the record and are of the opinion that the judgment of the trial court has adequate support in the evidence.
No reversible error having been made to appear, the judgment appealed from is affirmed.