HENDRY, Judge.
Appellant-defendants Little Beaver Theatre, Inc. (the theatre owner) and George Earl Hansen (the theatre manager) seek review of an order dated March 1, 1971, holding them in indirect contempt for failure to produce, pursuant to a prior court order, certain alleged obscene movie films at a hearing for temporary injunction. We affirm.
The basic facts are undisputed. On February 11, 1971, at 10:34 A.M., a deputy sheriff personally served a complaint and temporary restraining order (issued ex parte and dated February 10, 1971), on Mr. George Hansen. He was served, according to the return, as “admitted general manager and agent in the absence of: pres., v. pres., cashier, sec., and all other heads.” Certain of these officers were in Europe at the *218 time. This February 10, 1971 ex parte order required the preservation of certain allegedly obscene motion picture films. The order also required the production of such films at a hearing for a temporary injunction on February 12, 1971. During the course of the proceedings, defendants filed various written motions.
The hearing was held on February 12, at which time Hansen and the deputy testified. On that date the circuit court judge informed and ordered Hansen to be present on February 17, 1971, to show cause why he should not be held in contempt; Little Beaver Theatre, Inc. was also so informed and ordered to show cause. The rule to show cause was signed and served on defendants on February 16, 1971. On February 17, 1971, an evidentiary hearing was held resulting in the order dated March 1, 1971, which is herein appealed. In pertinent part, it provides:
“1. The Court finds GEORGE EARL HANSEN in indirect contempt of this Court and is ordered to pay a fine of $250.00 or serve ten (10) days in jail.
“2. The Court finds the Defendant corporation, LITTLE BEAVER THEATER, INC., a Florida corporation, d/b/a THE STRAND THEATER, in indirect contempt of this Court and a fine against said Defendant is levied in the amount of $2,500.00 and that said Defendant is levied in the amount of $2,500.00 and that said Defendant corporation may purge itself of this Contempt Order within five (5) days by the production of those items referred to in the Court’s Order of February 12, 1971, by delivering such items to the Clerk of this Court.”
The appellant presents these points for reversal: (1) the court erred in not granting the defendant corporation’s motion to dismiss in that there was no proper service upon the corporation of the original complaint and temporary restraining order on the rule to show cause, (2) the court erred in not granting the corporate defendant’s motion to dismiss the contempt order and rule to show cause in that the court never set forth the specific acts of conduct alleged to be contemptuous, therefore not alleging whether the contempt was direct or indirect, (3) the court erred in finding contempt, because of insufficient evidence, and (4) the court erred in allowing the complaint and temporary restraining order to be issued, violating Amendments V and XIV of the U. S. Constitution and also because the statute under the authority of which the actions were brought was unconstitutional.
We find no merit in appellant’s first point. The question of whether service of process was proper was not properly and timely raised by appellant below and cannot be presented for the first time on appeal. Rule 1.140(h), Florida Rules of Civil Procedure, 30 F.S.A., and see Rule 1.140(b) (2), Florida Rules of Civil Procedure, 30 F.S.A. See also United Theatres of Florida, Inc. v. State ex rel. Gerstein, Fla.App.1972, 259 So.2d 210, at p. 213 (released February 15, 1972), where the court stated:
“Assuming arguendo, that this point was properly raised the record shows an answer filed on behalf of the corporate and individual defendants and no issue as to lack of jurisdiction over the individual defendants was ever properly raised by them in the trial courts.” (Citation omitted.)
Cf. Largay Enterprises, Inc. v. Berman, Fla.1952, 61 So.2d 366, 369-370 with State ex rel. Eli Lilly and Company v. Shields, Fla.1955, 83 So.2d 271, 272.
As to the second point, our inspection of the record refutes this point advanced by appellants. That is, the parties were advised by the court, on February 12, that the February 17, 1971, hearing would concern the failure to comply with the order dated February 10, 1971, which required the preservation and production of the film on February 12, 1971.
*219 In their third point appellants argue that there was insufficient evidence to support a finding of contempt. We find no merit in this argument because the evidence is sufficient to meet the requirements of proof as to either civil or criminal contempt. Vernell v. State ex rel. Gerstein, Fla.App.1968, 212 So.2d 11, cert. den. 1969, 396 U.S. 849, 90 S.Ct. 76, 24 L.Ed.2d 98; Conde v. Full House, Inc., Fla.App.1968, 206 So.2d 22. We reproduce part of the complaint, restraining order and testimony in a footnote.[1]
In his final point appellant challenges the constitutionality of § 847.011, Fla.Stat., F.S.A. The statute has been held constitutional by the Florida Supreme Court, Mitchem v. State ex rel. Schaub, Fla.1971, 250 So.2d 883 and by this court, United Theatres of Florida, Inc. v. State ex rel. Gerstein, supra.
After having examined the record, and considered the briefs and arguments of counsel, we have concluded that the appellants have failed to demonstrate reversible error. Therefore, the order which, inter alia, found appellant in contempt and imposed sentences is affirmed.
Affirmed.

. The complaint in paragraphs 5 and 6 alleged that films then currently being-exhibited at the premises included a main feature, particularly described and four “short subjects dealing with sexual intercourse and other [sexual] acts.”
The ex parte temporary restraining order entered without notice and dated February 10, 1971, provided, in pertinent part, that:
“2. That the Defendants, Little Beaver-Theatre, Inc. . et al., jointly and severally, . . . are hereby directed to keep and maintain the motion picture and short subjects as set forth in the Complaint which Plaintiff alleges is presently being exhibited at the . . . [theatre] . . . within the jurisdiction of Dade County, Florida, and this Court, in the custody of Defendants, intact, and Defendants . . . are hereby enjoined . . . from altering . . . any picture, word, writing, scene, part, or portion of the aforesaid motion picture, and the . . . sound tract. .
“3. That the aforesaid motion picture film . . . and sound tract . . . shall be produced at the hearing to be held before this court [on February 12] . . . and at the trial of this cause and at any hearing in this cause in which testimony is permitted or required. ...”
On cross-examination on February 12, Mr. Hansen, the'theatre manager, testified as follows:
“Q [by the State] What did you do with the other film that you did not give to [the corporate employee who picked up the films from the theater manager].
“A Still on the screen.
“Q Is it still being shown today, sir?
“A The thirty-five' [millimeter film] is still on the screen.”
At an earlier point in his testimony on that date, he stated:
“Q Are those movies that were playing there on February 9, 1971, presently still playing in your theatre?”
* * * •!• ❖
“A Our feature film is still there. ‘Wall Street Walker.’ That is still playing.”
Mr. Hansen denied reading the papers which were served upon him, stating that he forwarded them immediately to the “home office” on Miami Beach. He also denied that the persons in the “home office” explained their contents to him before the February 12 hearing. However, the deputy and Mr. Hansen (on re-cross-examination) both testified that the documents were explained to him by the deputies.