SPECTOR, Chief Judge.
Appellant was adjudged to be in contempt of court for obstructing justice by failing or refusing to testify concerning her knowledge of unlawful narcotics traffic activities by one Ernie Shahid. A sentence óf ten days in the county jail and a fine of one hundred dollars or ten additional days imprisonment for nonpayment thereof was imposed. Reversal of said judgment and sentence is now sought.
Appellant gave a sworn statement to the state attorney concerning Shahid’s activities with marijuana, hashish and cocaine. In exchange, she was granted immunity from prosecution for her apparent posses-sory involvement to which she admitted in her statement. When Shahid was later brought on for trial on narcotics charges, appellant was called as a witness but failed to recollect the facts and circumstances in respect of which she gave the earlier statement. Another witness, one Ross Tatum, also had given a statement and he too failed to recollect the substance of it when called on to testify in Shahid’s trial. As a consequence, a directed verdict of acquittal was entered in favor of Shahid since the State was relying primarily on the testimony to be given by appellant and Tatum in the criminal case. •
Whereupon, a motion was filed by the prosecution seeking an adjudication that the two witnesses were in contempt of court for obstructing justice by their failure to testify. A hearing was held upon a rule to show cause after which the judge before whom the contempt hearing was heard ruled both appellant and Tatum to be in contempt. Incidentally, the statement that Tatum gave contained admissions that he was a dealer in narcotics and that Shahid was his supplier. This appeal does not concern Tatum’s judgment.
For reversal, appellant contends that she was denied a speedy trial after demand pursuant to Criminal Procedure Rule 3.191. The State contends that there is no *374 merit to this ground since the motion of appellant was made prior to the issuance of a rule to show cause. Analogizing a rule to show cause as the charging instrument with the filing of an information in a criminal case, the State contends that the demand was ineffectual since it predated the rule to show cause in accordance with the Supreme Court’s decision in State ex rel. v. Goodman, 253 So.2d 129 (Fla.1971). We agree.
The other point raised contends that appellant’s answers at the Shahid trial did not amount to a refusal to testify so as to amount to contempt of court. In the judgment reviewed herein, the court found that:
“The conduct and actions of the respondents, respectively, at the trial, specifically their failure and refusal to testify against the defendant, Shahid, obstructed justice and constitute contempt of this court.”
We think this finding is consistent with the rule laid down in State ex rel. Luban v. Coleman, Fla., 189 So. 713, 714, viz :
“ ‘Testimony which is obviously false or evasive is equivalent to a refusal to testify and is punishable as contempt, assuming that a refusal to testify would be so punishable.’ ”
Similar evasive answers by witnesses in criminal cases have been held to support contempt orders in other jurisdictions. See People ex rel. Cirillo v. Warden of City Prison, (Brooklyn) 11 N.Y.2d 51, 226 N.Y.S.2d 398, 181 N.E.2d 424 (N.Y.App.1962). See also Second Additional Grand Jury v. Cirillo, 12 N.Y.2d 206, 237 N.Y.S. 2d 709, 188 N.E.2d 138 (N.Y.App.1963).
Affirmed.
CARROLL, DONALD K., J., concurs.
WIGGINTON, J., specially concurs.