338 So.2d 1101 (1976)
Joseph C. AIELLO, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1862.
District Court of Appeal of Florida, Fourth District.
October 22, 1976.
*1102 Ronald E. Lee, Hollywood, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
GREEN, OLIVER L., Jr., Associate Judge.
The appellant, Joseph C. Aiello, appeals an order of contempt sentencing him to serve 120 days in the Broward County Jail for refusal to reply to questions propounded by an Assistant State Attorney, pursuant to subpoena and in the course of an investigation regarding a pending criminal trial. The order from which this appeal arises does not contain purge provisions; however the transcript on appeal establishes that the appellant was advised he would be permitted to purge himself by testifying at the subject trial which was later presided over by a different judge.
The appellant was incarcerated upon entry of the order being appealed. He was still in custody when the trial began. During the course of the trial appellant was *1103 brought before the trial judge. He offered to testify on behalf of the State at that time and thereby purge himself of his contempt. There was some discussion on the record by the prosecuting attorney as to the wisdom of the appellant's being called as a witness by the State. The end result was that the State declined to call the appellant as a witness. The appellant was thereby denied his opportunity to purge.
There was an exchange between counsel for the appellant and the judge presiding over the subject trial, which establishes to our satisfaction that the opportunity to purge was effectively denied the appellant. We hold that the order of contempt herein appealed from is to be considered in light of the instructions by the judge below to the appellant that he would be permitted to purge himself of said order by his testimony. We further hold that the appellant should be discharged from execution of the sentence provided in the order of contempt by reason of his inability to comply through no fault of his own.
We pause to mention that the original petition was not in compliance with Fla.R.Crim.P. 3.840, as the same failed to contain an affidavit by a "person having knowledge of the facts." Ex parte Crews, 127 Fla. 381, 173 So. 275 (1937); Phillips v. State, 147 So.2d 163 (Fla.3d DCA 1962).
We hold that this failure to proceed in accordance with the Rule does not constitute a fatal defect inasmuch as the transcript reflects an exchange between the appellant and the judge below wherein the appellant stated in no uncertain terms that he would not reply to questions asked by the State Attorney in the attempted investigation. The judge then became personally involved in the conduct of the appellant and, of course, was thereby authorized to proceed "on his own motion." Rule 3.840, supra. Additionally, we have considered Fla.R.Crim.P. 3.080 and find the same to be inapplicable to proceedings under Rule 3.840, supra. Rule 3.080, supra, provides, in pertinent part, as follows:
"... Except when otherwise specifically provided by these rules, pleadings as such need not be verified or accompanied by affidavit... ."
For the reasons herein stated, the cause is remanded for further proceedings in accordance with our directions that the appellant be deemed to have satisfied the purge requirements of the order of contempt.
REVERSED AND REMANDED with directions that the appellant be discharged from the order of contempt.
MAGER, C.J., and ALDERMAN, J., concur.