PER CURIAM.
A judge of the circuit court issued a Rule to Show Cause for Contempt to the appellant. The rule directed him to appear and show cause why he should not be held in contempt for failing to comply with a prior order of the court mandating the appellant to answer certain questions posed by the State Attorney’s office “truthfully and fully and without being evasive”. The court issued the rule based upon an affidavit, reading in part as follows:
* * * * * *
“3. JOHNNIE SAULS (sic) then stated he never went to 240 Northwest 17th Street, 765 Northwest 42nd Street, nor 8741 Northwest 21st Court on four consecutive Saturdays during the month of April, 1976; again JOHNNIE SAULS stated that if he had he would remember doing so.
“WHEREAS, in truth and in fact the said JOHNNIE SAULS did go to the above addresses on each and every Saturday during the month of April, 1976.” [emphasis added]
* * * * * *
*436 A bench trial was conducted, at the end of which the appellant was found guilty of criminal contempt of court, adjudicated thereon, and sentenced to ninety (90) days in the County Jail.
From the foregoing judgment and sentence, the appellant now appeals. The only point urged for review is the sufficiency of the evidence to support the charge.
The charge of criminal contempt against the appellant emanated from certain questioning before the Dade County State Attorney’s office, preceding which the appellant was ordered by the trial court to “answer truthfully and fully and without being evasive all questions posed to him by the State Attorney’s office”. Defense counsel stipulated that the contents of Paragraph 3 of the affidavit correctly reflected the appellant’s response to the certain questioning. Thereafter, the State called two detectives who testified that they each observed the appellant entering and thereafter shortly departing two residences of the three identified in the affidavit. But neither of the State’s witnesses could testify that he observed the appellant in the 240 Northwest 17th Street address.
The appellant testified in his own defense, denying that he went to the 765 Northwest 42nd Street and 8741 Northwest 21st Court addresses on four consecutive dates in the month of April, 1976. The first State witness testified that he saw the appellant at 765 N.W. 42nd Street and 8741 N.W. 21st Court on four consecutive Saturdays in April, 1976. The next State witness corroborated this testimony as to three of the dates mentioned. Thus, the State introduced competent substantial evidence to prove that the appellant answered untruthfully and evasively when he stated that he never went to 765 N.W. 42nd Street and 8741 N.W. 21st Court on four consecutive Saturdays in April, 1976. See: Baumgartner v. Joughin, 105 Fla. 335, 141 So. 185 (1932); Cunningham v. State, 337 So.2d 993 (Fla. 4th DCA 1976); Diebert v. State, 199 So.2d 288 (Fla. 3d DCA 1967).
In general, a contemptuous act is “any act which is calculated to interfere with, hinder or obstruct the proper administration of justice”. Dodd v. State, 110 So.2d 22 (Fla. 3d DCA 1959), quoting from 6 FlaJur., Contempt, § 18. This court has consistently held that the giving of perjured testimony obstructs the proper administration of justice and, thus, is subject to a criminal contempt proceeding. See, e. g., Chavez-Rey v. Chavez-Rey, 213 So.2d 596 (Fla. 3d DCA 1968), cert. denied, 219 So.2d 700 (Fla.1968); Parham v. Kohler, 134 So.2d 274 (Fla. 3d DCA 1961). With specific applicability to the instant case, the rule is:
Testimony which is obviously false or evasive is equivalent to a refusal to testify and is punishable as contempt, assuming that a refusal to testify would be so punishable.[1]
State v. Coleman, 138 Fla. 555, 189 So. 713 (Fla.1939); Brinson v. State, 269 So.2d 373 (Fla. 1st DCA 1972).
The appellant does not really contest the sufficiency of the evidence to sustain his conviction but, rather, claims that the State’s alleged failure to prove that he testified falsely or evasively when he denied going to 240 N.W. 17th Street, forbids a finding of contempt.
In Little Beaver Theatre Inc. v. State ex rel. Gerstein, 259 So.2d 217 (Fla. 3d DCA 1972), the defendant appealed his contempt conviction for failure to produce, pursuant to a prior court order, certain alleged obscene movie films at a hearing for temporary injunction. The court affirmed the conviction, holding that the evidence that at least one of the films was still being shown in theatres on dates films were to have been produced was sufficient to meet requirement of proof as to either civil or criminal contempt.
This court has already been presented with the issue raised by appellant, to wit: whether a contempt conviction should be *437 affirmed when the evidence introduced by the State clearly shows that the appellant acted contemptuously even though every single facet of the charging instrument was not conclusively proven. In Little Beaver Theatre Inc. v. State ex rel. Gerstein, supra, this court held that under circumstances most similar to the instant case the contempt conviction should be affirmed.
The appellant’s reliance upon Phillips v. State, 147 So.2d 163 (Fla. 3d DCA 1962) is misplaced. Nowhere in the Phillips decision does this court allude to the issue involved in this appeal. Rather, this court reversed the defendant’s conviction for the following reasons: (1) the petition [affidavit] was un-sworn, (2) the accused was never charged with a specific act of criminal contempt, (3) which order of the court the accused had refused to obey was not specified, (4) no competent testimony or evidence upon which to base a conviction of contempt was produced at the hearing.
In the instant case, the first three requirements of Phillips were satisfied by the affidavit for Rule to Show Cause In Contempt, and there was substantial competent evidence, if believed by the trier of fact, upon which to base a conviction of contempt.
Therefore, the order of the contempt be and it is hereby affirmed.
Affirmed.

. Since the defendant was given immunity in the case at bar he would have been punishable by criminal contempt if he had refused to testify. McDonald v. State, 321 So.2d 453 (Fla. 4th DCA 1975).