392 So.2d 321 (1980)
Fred C. PENDLEY, Appellant,
v.
STATE of Florida, Appellee.
No. UU-431.
District Court of Appeal of Florida, First District.
December 31, 1980.
Rehearing Denied February 3, 1981.
*322 Michael J. Minerva, Public Defender, and Nancy A. Daniels, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Miguel A. Olivella, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant appeals a judgment and sentence finding him guilty of direct criminal contempt. Appellant contends that his refusal to testify was, if anything, indirect criminal contempt, and that therefore he was entitled to prior notice, a reasonable opportunity to prepare a defense, and representation of counsel before being found guilty of any contempt offense. We agree and reverse.
Appellant was subpoenaed as a witness before a grand jury to give testimony concerning his knowledge of a jewelry store robbery. Before he was questioned, he was told he would be granted immunity for everything except perjury. Later, appellant was asked a series of questions concerning his knowledge of certain drug transportation activities. When he asked whether he was still under immunity, he was told that if it came to a point where he must refuse to answer because his answer would incriminate him, he should tell the prosecutor and they would talk about it. Then, appellant, who had recently been sentenced to ten years for drug trafficking, was asked to tell the jury about the source of drugs in his case. He refused. The grand jury requested a hearing before the Circuit Court to hold appellant in contempt of court. A few hours later, a hearing was held before the Circuit Judge. At the hearing, appellant admitted that he refused to answer questions regarding the source of drugs in his case. The court asked him if he would return to the grand jury and answer the questions, and appellant stated he would not. The court found appellant in direct civil contempt and ordered him incarcerated until he answered the questions propounded by the grand jury. When asked if this would cause him to answer the questions, appellant stated it would not. At this point, the court proceeded on the basis of criminal contempt. The judge asked appellant whether he would testify to the grand jury if ordered to do so by the court, and appellant answered no. The court then found appellant in direct criminal contempt of court and sentenced him to five months and 29 days in jail.
We agree with appellant that Harris v. United States, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965) controls this case. In Harris, the United States Supreme Court held that a witness' refusal to comply with a direction of a federal district judge to answer questions propounded before a grand jury was not within the purview of the Federal Summary Contempt Rule 42(a) and therefore summary punishment of contempt was not authorized. The court found that Federal Rule 42(b), requiring notice of the charges and a hearing, was the governing rule in the case of a witness' refusal to testify before a grand jury. In so holding, the court noted that summary contempt proceedings were reserved "for exceptional circumstances" such as "acts threatening the judge or disrupting a hearing or obstructing court proceedings." The court further stated that in the situation presented by Harris, the dignity of the court was not being affronted, no disturbance had to be quelled, and no insolent tactics had to be stopped. The court concluded that "swiftness was not a prerequisite of justice here" and the "delay necessary for a hearing would not imperil the grand jury proceedings."
This case is distinguishable from the situation presented when a defendant's refusal *323 to testify occurs during an ongoing trial. United States v. Wilson, 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975). In the latter situation, the refusal disrupts and frustrates an ongoing proceeding and summary contempt must be available to vindicate the authority of the court. However, as the court recognized in Wilson, a grand jury ordinarily deals with many inquiries and cases at one time and can easily suspend action on one and turn to another, therefore the delay necessary for a contempt hearing does not imperil the grand jury proceedings. Accordingly, we agree with appellant that the proceedings below should have been handled pursuant to Florida Rule of Criminal Procedure 3.840 rather than Rule 3.830 which outlines the summary procedure. In addition, in view of our conclusion that the alleged contempt cannot be treated, under Harris and Wilson, as a contempt "in the actual presence of the court" (Rule 3.830, supra), appellant should have been given the opportunity to obtain counsel in defending against the contempt charge. In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948); see also Harris, footnote 4.
The judgment and sentence is reversed and the cause remanded for proceedings consistent with this opinion.
MILLS, C.J., and BOOTH and LARRY G. SMITH, JJ., concur.