427 So.2d 380 (1983)
In re Investigative Subpoena of Linda GETTY.
No. 81-790.
District Court of Appeal of Florida, Fourth District.
March 9, 1983.
Michael H. Tarkoff of Flynn, Rubio & Tarkoff, Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
Appellant seeks reversal of the trial court's judgment of contempt and sentence of ninety days, but we affirm. Appellee contends the appeal is moot because this is a civil, not a criminal contempt proceeding, and appellant was released from jail on July 3, 1981, while the appeal was pending. We previously relinquished jurisdiction so that the trial judge could clarify the intent of the judgment and sentence he rendered on May 1, 1981. On May 27, 1982, the trial judge entered an order nunc pro tunc May 1, 1981, which provided that appellant could purge herself of the complete sentence. We decline to dismiss the appeal as moot because the questions "are of general interest to the people and of importance in the administration of the law." Clark v. State ex rel. Rubin, 122 So.2d 807, 812 (Fla. 3d DCA 1960).
For want of a better phrase, appellant was a recalcitrant witness. She appeared before an assistant state attorney in response to a subpoena issued pursuant to sections 27.04[1] and 27.181(3),[2] Florida Statutes (1979), which had been issued as part *381 of an investigation involving other individuals believed to be conspiring to traffic and trafficking in 10,000 pounds or more of cannabis in violation of sections 777.04(4)(b) and 893.135(1)(a)(3), Florida Statutes (1979). Appellant received both transactional and use immunity[3] pursuant to section 914.04, Florida Statutes (1979), which says:
914.04 Witnesses; person not excused from testifying in certain prosecutions on ground testimony might incriminate him; immunity from prosecution.  No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.
The first purpose of this opinion is to illustrate the chameleon-like quality of contempt in cases such as the present one. At least five other decisions have been rendered in Florida wherein an immunized, recalcitrant witness, appearing by subpoena before an assistant state attorney or grand jury, has been held in contempt. Three of the cases were decided by this court. The first case was In re Tierney, 328 So.2d 40 (Fla. 4th DCA 1976), wherein we recognized that civil and criminal penalties could be imposed for the same act of contempt, following Yates v. United States, 355 U.S. 66, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957). In the second, Aiello v. State, 338 So.2d 1101 (Fla. 4th DCA 1976), the trial court's order, sentencing appellant to serve 120 days in jail, *382 contained no purgative clause; but the transcript of the hearing, as in this case, revealed the trial judge's apparent intention to include it. Our discussion of the order in Aiello was in terms of Florida Rule of Criminal Procedure 3.840.[4] Similarly, in the third case, Tufts v. State, 405 So.2d 269 (Fla. 4th DCA 1981), we reversed an appellant's conviction for direct criminal contempt on the basis of Harris v. United States, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965), cert. after remand, 356 U.S. 363, 78 S.Ct. 766, 2 L.Ed.2d 837 (1958), and Pendley v. State, 392 So.2d 321 (Fla. 1st DCA 1980), which is similar to the present case. Relying on Harris, the court in Pendley, the fourth decision on the subject (of which we are aware), held that Rule 3.840, not Rule 3.830,[5] should have been followed. In the fifth case, In Re Before Third Statewide Grand Jury, 360 So.2d 4 (Fla. 2d DCA 1978), the court held that the trial court properly found the recalcitrant witnesses in both civil and criminal contempt and affirmed the sentences of confinement for the duration of the grand jury session, which could be purged by answering the questions, and fines of $500 each.
As we have said earlier, the trial judgment as clarified by subsequent order is an adjudication of civil contempt. The transcript of the hearing and the pleadings in the record eliminate any doubt as to the basis for the judgment; and the due process requirements in a civil contempt proceeding of adequate notice of the date, time and place of hearing and communication of the ultimate, essential facts,[6] were all present in this case.
The second purpose of this opinion is to discuss briefly appellant's contention that it was error for appellant to be questioned by the assistant state attorney pursuant to section 27.04, Florida Statutes (1979), in the presence of a law enforcement officer. Appellant urges that because section 905.17(1), Florida Statutes (1979), restricts those present during grand jury sessions, section 27.04 should be similarly restrictive.[7] Of *383 course, the purpose of the former statute is to maintain the secrecy of grand jury proceedings and to shield them from public scrutiny. See § 905.24, Fla. Stat. (1979), and Clein v. State, 52 So.2d 117 (Fla. 1950). Public disclosure of such proceedings could result in a myriad of harmful effects. In contrast, the presence of a law enforcement officer during questioning by a prosecutor enables the investigating officer to assist the questioner in bringing to light facts relevant to the investigation. What could be more helpful to a prosecutor's thoroughness in the performance of his duties than to have the assistance of an officer who has spent perhaps months in the subject investigation? We perceive no harm occasioned by the presence of such officers. In this case, a major investigation, ongoing for more than six months, was involved.
The final purpose of this opinion is to recite our view that the recent amendment to the Florida Constitution by the addition of article I, section 23,[8] titled "Right of Privacy" did not affect the assistant state attorney's questioning of appellant. The latter asserts that the questioning was an unconstitutional intrusion into her privacy because of some vague, undefined personal relationship with a subject of the investigation. Appellant's interpretation of the new constitutional provision, if adopted, would vitiate the authority of each state attorney, pursuant to section 27.04, and that of assistant state attorneys acting thereunder in accordance with section 27.181(3). We find such interpretation to be tortuous and untenable. The voters of Florida hardly intended to surrender their personal safety in an effort to protect their privacy.
The remaining arguments have been considered and rejected. Accordingly, we affirm.
LETTS, C.J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.
NOTES
[1] Section 27.04 provides:

Summoning and examining witnesses for state. 
The state attorney shall have summoned all witnesses required on behalf of the state; and he is allowed the process of his court to summon witnesses from throughout the state to appear before him in or out of term time at such convenient places in the state attorney's judicial circuit and at such convenient times as may be designated in the summons, to testify before him as to any violation of the criminal law upon which they may be interrogated, and he is empowered to administer oaths to all witnesses summoned to testify by the process of his court or who may voluntarily appear before him to testify as to any violation or violations of the criminal law.
[2] Section 27.181(3) provides:

Each assistant state attorney appointed by a state attorney under the authorization of this act shall have all of the powers and discharge all of the duties of the state attorney appointing him, under the direction of said state attorney, except, however, that due to constitutional limitations, no such assistant may sign informations. He shall sign indictments and other official documents, except informations, as assistant state attorney, and when so signed, the same shall have the same force and effect as if signed by the state attorney.
[3] Transactional and use immunity are best described and illustrated in State ex rel. Hough v. Popper, 287 So.2d 282, 284 (Fla. 1973).

Petitioners vigorously urge that F.S. § 914.04, F.S.A. provides for transactional immunity, and that therefore they may not be prosecuted for "any transaction, matter, or thing concerning which" they testified pursuant to the subpoenas. In this, they are correct. However, the statute additionally provides a use immunity, specifying that "no testimony so given or produced shall be received against him upon any criminal investigation or proceeding". At first glance, the use immunity provision would seem to be superfluous in view of the provisions for transactional immunity. The reason for the provision becomes evident, however, if one considers the situation of a person testifying as to one criminal transaction who, in the course of his testimony, discloses a fact, innocent in and of itself, which links him to an independent and separate criminal transaction; in such a situation, the transactional immunity would apply as to the first transaction, but not to the second criminal transaction.
Thus, if a person testifies under subpoena before a grand jury concerning an armed robbery in which he was a participant, and states in the course of his testimony that he drove his black Cadillac as the "getaway car," and it later is discovered that this car was driven by the witness in another, unconnected robbery, the statute provides the witness with complete immunity from prosecution for the robbery concerning which he testified, but only with use immunity as to the second, unconnected robbery. For this separate offense, the witness may be prosecuted; the statute, however, forbids the use of his compelled testimony in this prosecution even to establish the fact (innocent in and of itself) of ownership of the vehicle. It is the function of the use immunity in such a situation to provide the immunity necessary to safeguard the constitutional privilege against self-incrimination as to separate facts of an independent criminal transaction. The testimony given as to such incidental facts may not be used against the witness, but he may be prosecuted for this independent criminal transaction if it can be proved without the use of the compelled testimony. This is where the State's contended "independent source" of proof comes in. Such proof, however, must be of the separate, independent transaction. As initially stated, there is a complete immunity as to the transaction for which petitioners were subpoenaed to testify.
(Emphasis original.) See also the brief, accurate definitions in McDonald v. State, 321 So.2d 453 (Fla. 4th DCA 1975).
[4] Florida Rule of Criminal Procedure 3.840(a)(1) & (2) provides:

(1) Order to Show Cause. The judge, of his own motion or upon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring him to appear before the court to show cause why he should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of the defense after service of the order on the defendant.
(2) Motions; Answer. The defendant, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars or answer such order by way of explanation or defense. All motions and the answer shall be in writing unless specified otherwise by the judge. A defendant's omission to file motions or answer shall not be deemed as an admission of guilt of the contempt charged.
[5] Florida Rule of Criminal Procedure 3.830 provides:

A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the Court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.
[6] See Form 1.982, Florida Rules of Civil Procedure, which is illustrative of the bare boned essential facts which must be alleged.
[7] Section 905.17(1) provides:

No person shall be present at the sessions of the grand jury except the witness under examination, the state attorney and his assistant state attorneys, designated assistants as provided for in s. 27.18, the court reporter or stenographer, and the interpreter. The stenographic records, notes, and transcriptions made by the court reporter or stenographer shall be filed with the clerk who shall keep them in a sealed container not subject to public inspection. The notes, records, and transcriptions shall be released by the clerk only on request by a grand jury for use by the grand jury or on order of the court pursuant to s. 905.27.
[8] Section 23 provides:

Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law.