PER CURIAM.
The defendant appeals an adjudication of contempt entered because of his refusal to answer questions in a state investigation after being granted transactional immunity pursuant to Section 914.04, Florida Statutes (1981). He contends that the proceedings culminating in the adjudication are fatally defective in that they were conducted as are those for direct criminal contempt. There being no urgent or compelling reasons to require the defendant to forthwith give his immunized testimony, compare United States v. Wilson, 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975), he argues that according to the doctrine of Harris v. United States, 382 U.S. 162, 86 S.Ct. 352,15 L.Ed.2d 240 (1965), he was entitled to the panoply of rights granted by Florida Rule of Criminal Procedure 3.840 to persons charged with indirect criminal contempt.
Although we are entirely in agreement with the defendant’s contention that his alleged contumacious act should have been charged and proceeded against as an indirect criminal contempt under Rule 3.840, Pendley v. State, 392 So.2d 321 (Fla. 1st DCA 1980), a review of the record discloses that while the proceedings were expedited, the defendant did have the benefit of all the rights afforded by Rule 3.840. Consequently, the recitation in the judgment that conviction was for direct criminal contempt pursuant to Florida Rule of Criminal Procedure 3.830 amounted to mere harmless error.
Affirmed.