PER CURIAM.
This is an appeal from a court order finding the appellant in contempt for refusing to comply with a subpoena duces tecum, as ordered to by the court. We affirm.
The appellant is the records custodian of Eight & Eight Centro Medico, Inc. (Medico). In the course of conducting a Medicaid fraud investigation of Medico, the Auditor General’s Office caused the trial court to issue a subpoena duces tecum requiring the appellant to produce for inspection medical and health claims forms submitted to the Medicaid fiscal agency for sixty-two named Medicaid patients of Medico. The appellant did not comply and the court issued an order to show cause why he should not be held in contempt. The appellant then filed a motion to quash the subpoena. After a hearing on the motion and the motion was denied, the appellant was ordered to comply with the subpoena by October 6, 1983. Action on the order to show cause was also stayed until that date. On October 6, the appellant appeared before the court and announced through counsel that although he was physically able to comply with the subpoena and court order, he would, nonetheless, refuse to do so. The court found the appellant to be in indirect civil contempt and imposed a fine of $500 payable within 90 days. The court order allowed the appellant to purge himself of contempt by complying with the subpoena within six days of the order. This appeal followed.
The appellant contends that section 455.241, Florida Statutes (1983), prohibits him from turning over patients’ medical records to the Auditor General absent written authorization by the individual patients. We disagree. We find that the written authorization requirement of section 455.-241 is not applicable in Medicaid fraud investigations by the Auditor General. The more specific statutes dealing with Medicaid fraud investigations control over this general statutory provision. See Adams v. Culver, 111 So.2d 665 (Fla.1959).
As a prerequisite to receiving federal Medicaid funds, a state must have a Medicaid fraud control unit responsible for conducting a statewide program investigating and prosecuting all aspects of fraud in connection with the provision of medical assistance. 42 U.S.C.A. § 1396b(q) (1983). Pursuant to this requirement, section 409.2664, Florida Statutes (1983), mandates that the Auditor General conduct a statewide Medicaid fraud control program, and enumerates the Auditor General’s powers and duties with respect thereto. Under this statute, the Auditor General may enter upon the premises of any health care provider participating in the state Medicaid program to examine all accounts and records which could in any manner be relevant in determining the existence of fraud in the program. All participating physicians are required to make available to the Auditor General any such accounts or records. § 409.2664(2)(a). Additionally, the Auditor *904 General may subpoena witnesses or materials and collect evidence for possible use in either civil or criminal proceedings. § 409.-2664(2)(b).
The appellant argues that section 409.2664 does not nullify the written authorization requirement of section 455.241. A simple reading of section 409.2664 indicates appellant’s argument is without merit. The statute requires the Auditor General to:
[safeguard the privacy rights of all individuals and provide safeguards to prevent the use of patient medical records for any reason beyond the scope of a specific investigation for fraud or abuse or both, without the patient’s written consent, (emphasis added)
§ 409.2664(l)(g). The statute further provides that:
[a]t no time are the accounts or records of non-Medicaid patients to be reviewed or turned over to the Auditor General without the patient’s written consent, (emphasis added)
§ 409.2664(2)(a). The provisions of the statute clearly indicate that the Auditor General can subpoena and examine the accounts and records of Medicaid patients pursuant to a Medicaid fraud investigation without the prior written consent of the Medicaid patients.[1] We therefore find the appellant’s grounds for refusing to comply with the subpoena duces tecum to be without merit.
We turn now to the court’s order adjudging the appellant to be in indirect civil contempt. The appellant contends that the order must be vacated because it does not contain a continuous purging provision. The state, on the other hand, maintains that the order should be sustained as an adjudication of indirect criminal contempt. We agree with the state.
The purpose of a criminal contempt proceeding is to vindicate the authority of the court or to punish conduct that is in violation of a court order. Pugliese v, Pugliese, 347 So.2d 422 (Fla.1977); Carter v. State, 409 So.2d 127 (Fla. 5th DCA 1982). The purpose of a civil contempt proceeding is to coerce action or nonaction by a party. Pugliese; Carter. In the present case, the appellant’s conduct, his refusal to follow the court’s order to comply with the subpoena duces tecum, was susceptible to either criminal or civil contempt proceedings. See Carter; Little Beaver Theatre, Inc. v. State ex rel. Gerstein, 259 So.2d 217 (Fla. 3d DCA 1972); Schaffer v. State, 429 So.2d 372 (Fla. 3d DCA 1983). Since the nature of the conduct is not determinative of the character of the order, a determination must be made of whether the order is civil or criminal. Pugliese.
The court’s use of the word “civil” and the inclusion of a purging provision in the order would tend to characterize the order as being civil. On the other hand, the court specifically found that the appellant was purposely defying its order and imposed a lump sum fine, not a continuous fine, indicating an intent to punish, not coerce. See Pugliese. Reviewing the record, we find that the purpose of the contempt order was to punish the appellant for his purposeful defiance of the court’s order, and that the court complied with the *905 requirements of Florida Rule of Criminal Procedure 3.840 concerning indirect criminal contempt. The court’s use of the word “civil” is not controlling. See Carter. The purging provision was an indication to the appellant that the court would vacate its sentence, the $500 fine, if the appellant complied with the subpoena duces tecum pursuant to its order within six days from the date of the judgment. Cf. Reina v. United States, 364 U.S. 507, 81 S.Ct. 260, 5 L.Ed.2d 249 (1960) (affirming lower court’s finding of contempt for refusing to answer questions before the grand jury after immunity was granted and the imposition of a sentence of two years with a provision allowing petitioner to purge the contempt by answering the questions within 60 days). We construe the six-day period as running from the effective date of this court’s mandate and the appellant may avoid the fine by complying with the subpoena pursuant to the court order. See Reina.
Affirmed.

. It is also pertinent to note section 11.50, Florida Statutes (1983):
(l)(a) The Auditor General shall investigate, on his own initiative or when required by the Legislative Auditing Committee, public assistance made under the provisions of chapter 409. In the course of such investigation the Auditor General shall examine all records and make inquiry of all persons who may have knowledge as to any irregularities incidental to the disbursement of public moneys, food stamps, or other items to recipients.
(b) All public assistance recipients, as a condition precedent to qualification for assistance under the provisions of chapter 409, shall first give in writing, to the Department of Health and Rehabilitative Services and to the Division of Public Assistance Fraud, consent to make inquiry of past or present employers and records, financial or otherwise.
[[Image here]]
(6) The provisions of this section shall be liberally construed in order to carry out effectively the purposes of this section in the interest of protecting public moneys and other public property, (emphasis added)