Ms. Shirley A. Walker Chief Commissioner Department of Labor and Employment Security 2562 Executive Center Circle, East Montgomery Building, Suite 215 Tallahassee, Florida 32399-0655
Dear Ms. Walker:
You have asked for my opinion on substantially the following question:
 Does the general prohibition in s. 455.241(2), F.S. (1988 Supp.), against releasing medical records and discussing a patient's medical condition apply to employees involved in workers' compensation cases pursuant to Ch. 440, F.S. (1988 Supp.)?
In sum:
 A health care practitioner is authorized by s. 455.241(2), F.S. (1988 Supp.), to release the medical records of a patient to the patient's employer without written authorization to do so when the medical care is being furnished by the employer pursuant to s. 440.13, F.S. (1988 Supp.). However, in the absence of amendatory legislation, a health care practitioner may not discuss the medical condition of a patient with any person other than the patient or his or her legal representative except with the written authorization of the patient.
Section 455.241(2), F.S. (1988 Supp.), relating to the confidentiality of medical records states that:
 Such records shall not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or his legal representative or other health care providers involved in the care or treatment of the patient, except upon written authorization of the patient. . . .
However, the statute contains the qualification that "such records may be furnished without written authorization to any person, firm, or corporation which has procured or furnished such examination or treatment with the patient's consent. . . ." I would note that this exception does not include the unauthorized discussion of a patient's medical condition.[1] Pursuant to s. 455.241(2), supra, a health care practitioner[2] may not discuss the medical condition of a patient with any person other than the patient or his or her legal representative, except with the patient's written authorization.
The Workers' Compensation Law, Ch. 440, F.S. (1988 Supp.), mandates payment of compensation for the disability or death of employees which results from an injury arising out of and in the course of their employment.[3]
Pursuant to s. 440.13(2)(a), F.S. (1988 Supp.), it is the employer's responsibility to "furnish to the employee such medically necessary remedial treatment, care, and attendance by a health care provider and for such period as the nature of the injury or the process of recovery may require. . . ." "Health care provider," for purposes of the act, means "a physician or any recognized practitioner who provides skilled services pursuant to the prescription of or under the supervision or direction of a physician."[4]
Thus, the employer providing medically necessary treatment to an employee pursuant to a workers' compensation claim is the "person, firm, or corporation which has procured or furnished such examination or treatment with the patient's consent" pursuant to s. 455.241(2), F.S. (1988 Supp.).
By reading ss. 440.13(2)(a) and 455.241(2), F.S. (1988 Supp.), together,[5] it is my opinion that an employee's medical records may be furnished to the employer by a health care practitioner if the employer has furnished such medical treatment.[6]
However, s. 455.241(2), F.S. (1988 Supp.), would preclude a health care practitioner from discussing the medical condition of a patient with any person other than the patient or his or her legal representative except upon written authorization of the patient.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] But see, s. 10, CS/HB 1767 which amends s. 440.13, F.S. (1988 Supp.), to specifically provide that the medical records of an injured employee may be furnished to the employer and that the medical condition of the injured employee may be discussed with the employer under certain conditions, notwithstanding s. 455.241, F.S.
[2] The statute applies to any health care practitioner who is licensed pursuant to Chs. 457, 458, 459, 460, 461, 462, 463, 464, 466, Part I or Part II of Ch. 484, or Ch. 491, F.S.
[3] See, s. 440.09(1), F.S., relating to coverage of the act. And see, s. 440.02(6), (9), (11), and (13), F.S. (1988 Supp.), defining, respectively, "[c]ompensation," "[d]isability," "[e]mployee," and "[e]mployment" for purposes of the act.
[4] Section 440.13(1)(b), F.S. (1988 Supp.).
[5] When two statutes relate to common things or have a common or related purpose, they are said to be pari materia, and where possible, that construction should be adopted which harmonizes and reconciles the statutory provisions so as to preserve the force and effect of each. Ideal Farms Drainage District et al. v. Certain Lands, 19 So.2d 234 (Fla. 1944).
[6] See, e.g., Van Pelt v. Hilliard, 78 So. 693, 694 (Fla. 1918) ("The Legislature must be understood to mean what it has plainly expressed, and this excludes construction. The legislative intent being plainly expressed, so that the act read by itself or in connection with other statutes pertaining to the same subject is clear, certain, and unambiguous, the courts have only the simple and obvious duty to enforce the law according to its terms."); State v. Egan, 287 So.2d 1 (Fla. 1973). Cf., Pedroso v. State,450 So.2d 902 (3 D.C.A.Fla., 1984) (The more specific statutes dealing with Medicaid fraud investigations control over general statutory provisions prohibiting physicians or records custodians from turning over patients' medical records to the Auditor General absent written authorization by individual patients.)